Dibble *v.* New York and Erie Rail Road Company.

———————◇———————

N. DIBBLE and E. C. DIBBLE, adm'rs. &c., *vs.* THE NEW
YORK AND ERIE RAIL ROAD COMPANY.

Where, in an action by the personal representatives of a person whose death was
    caused by the wrongful act, neglect or default of the defendants, to recover
    damages for such wrongful act, it is shown that the defendants settled with
    the deceased, in his lifetime, and paid him the amount of his claim on account
    of the injury, this will bar the plaintiffs' action.
The right of action in the personal representatives depends, not only upon the
    character of the act, from which death ensued, but upon the condition of the
    decedent's claim at the time of his death, also.   If the claim was in such a
    shape that he could not then have enforced it, had death not ensued, the
    statute gives the executors no right of action, and creates no liability what-
    ever, on the part of the person inflicting the injury.
Therefore, if the person injured obtains satisfaction, by action, or by voluntary
    settlement and payment, before death ensues, the wrongful act which caused
    the injury, and all its consequences, past and future, are included, and the
    whole canceled together, and the liability of the wrongdoer is ended.

THIS was an action by the plaintiffs, as administrators of
    Richard Dibble deceased, to recover damages of the de-
fendants, for causing the death of the intestate.   The injuries,
in consequence of which the intestate was alleged to have died,
were received by him while a passenger in the cars of the de-

fendants, upon their road, at Owego, on the 9th of January, 1852, through the carelessness and negligence of the defendants, by means of which the cars ran off the track and fell down a steep bank. After the injuries were received, and on the 21st of February, 1852, the defendants settled with Richard Dibble, for the injuries sustained by him, and paid him the sum of $500 in full of his claim therefor; taking from him the following receipt:

"Receipt of Richard Dibble for damages sustained by accident, January 9, 1852. Month of February 21, 1852.

The N. Y. and E. R. R. Company,
1852.                                        To Richard Dibble,    Dr.

Feb. 21. For damages sustained to person and property, caused by an accident on the road near Owego, on the ninth day of January, 1852, he being a passenger in the train at that time, $500.

N. B. The company assume to pay the physician's bill, and other necessary expenses incurred up to date.        B. L.

Dated February 21, 1852."

"Received of the N. Y. and E. R. R. Co. the sum of five hundred dollars, $500, in full for the above accident, and of all other claims to date.        RICHARD DIBBLE.

Signed in duplicate."

The defendants, in their answer, set up this receipt as a bar to the action, and relied upon it as such, at the trial. Richard Dibble died on the 26th of March, 1852. The plaintiffs recovered a verdict, and the jury assessed the damages at $2750. The defendants made a case, with liberty to turn the same into a bill of exceptions, and moved for a new trial.

*Benedict & Martindale*, for the plaintiffs.

*T. Farrington*, for the defendants.

*By the Court*, JOHNSON, J.    The most material question in this case is, whether any right of action accrued to the plaintiffs

Dibble *v.* New York and Erie Rail Road Company.

by reason of the death of Richard Dibble, conceding such death to have been caused by the wrongful act, neglect or default of the defendants. The defendants' counsel, at the close of the evidence, requested the judge to charge the jury that the receipt produced in evidence, showing that the defendants had settled with the deceased, in his lifetime, and paid him in full his claim for the injury, was a bar to the plaintiffs' action. The judge refused so to charge, and charged the jury that the settlement, and payment, by the defendants, had nothing to do with the cause of action; that the statute gave the action for the benefit of the widow and next of kin, to recover the damages they had sustained, by reason of the death, if such death was caused in the manner and by the means specified in the act. And in such case the plaintiffs would be entitled to recover such damages, not exceeding $5000, irrespective of the injury and damage to the deceased, and the settlement between him and the defendants. To this part of the charge, and to the refusal to charge as requested, the defendants' counsel excepted. The question, therefore, is directly raised, and necessarily involves a construction of the act conferring this new and unusual right of action. The action is given for the exclusive benefit of the widow and next of kin of such deceased person, and the recovery, when had, is to be distributed to such widow and next of kin, in the proportion provided by law, in relation to the distribution of personal property left by persons dying intestate. And when the action is maintainable, the damages are to be given with reference to the pecuniary injury resulting from such death, to the wife and next of kin, the measure being a fair and just compensation, not exceeding $5000.

By our statute of distribution of assets, in cases of intestacy, (2 *R. S.* 96,) the next of kin are entitled to no share of the assets, if the intestate left children. They only take a moiety where there is a widow and no children, nor any legal representatives of them; and children and next of kin are there mentioned and provided for, as separate and distinct classes of persons. In this act, on the contrary, children are not mentioned. It is the widow and next of kin, only, who are provided for. It is un-

necessary, however, to consider this feature of the act in this connection.

Let us first see whether any right of action accrued to these plaintiffs. The liability is created and the action given, by the first section of the act. (*Sess. Laws of* 1847, *ch.* 450.) What is it which constitutes the cause of action, according to this section? First, there must be the death of a person, caused by a wrongful act, neglect or default. Second, the act, neglect or default, must be such as would have entitled the party injured to maintain an action and recover damages in respect thereof, if death had not ensued. And "then and in every such case, the person who, or the corporation which, would have been liable, if death had not ensued, shall be liable to an action for damages, notwithstanding the death of the person injured." In the case before us, it is established by the verdict, that the deceased came to his death by the wrongful act, neglect or default of the defendants; and also, that the act, neglect or default, was such that the defendants became, and were, liable to the deceased, for damages in respect thereof. And the further fact is admitted, that they responded to the deceased in his lifetime, for such liability, and canceled his claim, by settlement and payment. When death ensued, therefore, the deceased had no subsisting cause of action; nor could he have maintained any action and recovered any damages, in respect of the act or the injury, if death had not ensued. It seems to me clear, therefore, that this case does not fall within the language or scope of the act. The plain reading and intention of the section seems to me to be this: If the defendants would have been liable, to the injured party, if death had not ensued, but did not become liable, or did not make satisfaction, by reason of death ensuing, they shall still be liable to an action, notwithstanding the death. The condition is, if they would have been liable if death had not ensued; and not if they became liable, and actually made compensation before death ensued. In this view of the statute, the right of action in the plaintiffs is made to depend, not only upon the character of the act from which death ensued, but upon the condition of his claim at the time

Dibble *v.* New York and Erie Rail Road Company.

of his death, also. Was it then such that he could have enforced it, had death not ensued, as it did, or not ensued at all? If it was not, the statute gives the representative no right of action, and creates no liability whatever against the person inflicting the injury. Upon this construction it is immaterial at what time, after the infliction of the injury, death ensues, provided the injured party could then have maintained an action and recovered damages if death had not ensued. This interpretation, as it seems to me, is greatly strengthened by the consideration that the right of action does not accrue at all until the death, and is then given for the exclusive benefit of persons entitled to share in the distribution of the assets of the decedent's estate. The right of action, which he might have enforced, had he survived the injury, upon his death accrues to his personal representatives, for the benefit of those entitled to share in his estate. And it is given for the same wrongful act or neglect. That is the essential foundation of the action in either case. The wrong to be redressed is the same in both cases, but the injury flowing from the wrong to be compensated, is different. The person injured *is* compensated for the injury to his person, the others for the injury they sustain from the death of the injured person. If the person injured obtains satisfaction, by action, or by voluntary settlement and payment, before death ensues, the wrongful act which caused the injury, and all its consequences, past and future, are included, and the whole canceled together, and the liability of the person inflicting the injury ended. If not, the liability continues after and notwithstanding the death, for the purpose of compensating the widow and next of kin, for the injury resulting to them from the death, caused by the wrongful act. This gives but one action for the same injury to the same person.

The plaintiffs' position is, that the action is given to them to recover the damages which other persons have sustained, by reason of the death, and not those which the injured person sustained. That the right of action depends wholly upon the character of the act, and not at all upon the condition of the claim of the

Dibble v. New York and Erie Rail Road Company.

injured person, at the time of his death. That if the act was of such a character as to give the injured person a right of action, a right of action accrued to the plaintiffs, whether the person injured had made his right available or not, when the death happened. There is, I admit, much force in this position, especially when we consider the nature of the injury which the action was designed to compensate.

The injury resulting from the death, to the class of persons intended to be benefited by the act, might be precisely the same, where compensation had, as where it had not, been made. But the action is confined exclusively to a case where the injured person would have been entitled to maintain an action, and recover damages, if death had not ensued, and where the defendants would have been liable, if death had not ensued, and is not founded wholly upon the fact that a death has been caused by an act of a particular character, from which injury and damage have resulted. Here the injured person would not have been entitled to maintain an action, at any time after settlement, to recover damages. That act, accompanied by payment, extinguished both the right and the liability, and for every legal purpose the act, neglect or default, was as though it had never occurred. There was no liability to continue, whether death ensued or not. The object of the statute, as I understand it, was to continue the cause of action which the person injured had, and which he had not enforced, but might have enforced, if death had not ensued, for the benefit of the widow and next of kin, to enable them to obtain their damages, resulting from the same primary cause, and not to create an entirely new and additional right of action. The plaintiffs' construction would give two actions for a single wrongful act, and frequently a double compensation for the injury flowing from it, to the same individuals. They might receive the damages recovered by the person injured, in the distribution of assets, and their own damages, recovered in the action brought for their benefit. This is contrary to the general policy of the law, and the act should not receive such a construction, unless that was clearly the intention of the legislature. I do not propose to remark upon

the policy of such a statute as this is claimed to be, by the plaintiffs' counsel, any farther than may be proper in considering the question of the intention of its framers. It must be admitted that the purpose and intent of the enactment is not expressed with entire clearness and precision. But it must be apparent, I think, that such a statute would, in the very nature of things, operate prejudicially to the interests of the party injured. It would naturally, if not inevitably, tend to delay settlements, and procrastinate litigation, with the injured party, till it could be determined whether death would ensue from the injury. Because whatever might be recovered by the injured party, or be paid him on settlement, would neither bar nor diminish the lawful claims of his widow and next of kin, in case death should afterwards ensue.

In my opinion, the statute was not intended to give any right of action in a case like this. It is not within the letter of the condition, nor, as I think, within its spirit and meaning. Having arrived at this conclusion, upon this question, it is unnecessary to examine the other points discussed upon the argument.

The charge, and the refusal, were both erroneous, and a new trial should be granted, with costs to abide the event.

[MONROE GENERAL TERM, September 7, 1857. *Johnson, Welles* and *T. R. Strong,* Justices.]