MARY SCHLICHTING, AS ADMINISTRATRIX, ETC., OF JOHN SCHLICHTING, DECEASED, APPELLANT, v. LUR WINTGEN, RESPONDENT.

*Action by an administrator for the wrongful killing of his intestate — is not barred by an action brought by the deceased in his lifetime — the death need not occur within a year and a day from the time of the act.*

It is no defense to an action brought under the statute, by an administrator to recover damages for the wrongful killing of the intestate by the defendant, that the deceased had, in his lifetime, brought an action and recovered and collected a judgment against the same defendant for the damages sustained by him by reason of the same wrongful act.

The fact that the death did not occur within a year and a day from the time of the commission of the wrongful act, does not prevent the bringing of an action by the administrator under the statute.

APPEAL from a judgment entered at a Special Term, overruling a demurrer interposed by the plaintiff to the answer of the defendant.

*James M. Lyddy*, for the appellant.

*Fisher, Hurd & Voltz*, for the respondent.

BARNARD, P. J.:

The defendant, on the 19th of October, 1878, wrongfully caused the death of one John Schlichting. Schlichting was fatally injured by the violence of the defendant, but lingered one year and some seventeen days and then died from the effects of the injury. He brought an action for the assault and battery in his lifetime against the defendant and recovered a judgment therefor for $637.13, which was paid him. After his death his widow took out letters of administration and brought this action under the act of 1847, as amended in 1849 and 1870. The defendant pleaded the recovery and payment to the deceased as a bar to this action. It is not a bar. The question is one as to which very able judges have differed, and contrary decisions have been rendered. It was decided to be a bar in *Dibble* v. *The New York and Erie Railway*

*Company* (25 Barb., 183). This case went to the Court of Appeals and the court was equally divided upon the question. It was reargued since with a like result. In a subsequent case (*Whitford* v. *Panama Railroad Company*, 23 N. Y., 470), it became necessary to again examine the question as incident to the decision of that case. The Panama Railroad Company negligently caused the death of one King, without any fault upon King's part, in the republic of New Grenada. His administrators brought an action against the company, under these acts, in the courts of this State. It was held that the action would not lie here. The Court of Appeals say: "The system of the statute as well as the common law is that the right of action for damages on account of his bodily injuries, which belonged to the deceased while he lived, was extinguished by his death. The statute does not profess to revive his cause of action in favor of the executor or administrator. The compensation for the bodily injury remains extinct, but a new grievance of a distinct nature, namely, the deprivation suffered by the wife and children or other relatives of their natural support and protection, arises upon his death, and is made by the statute the subject of a new cause of action." While the injured person lived he had his own cause of action for his own pecuniary loss and damage, and also for his pain and suffering. The damages given to the personal representatives is entirely different. It is estimated "with reference to the pecuniary injuries resulting from such death to the wife and next of kin of such deceased person." The Court of Appeals say: "This is a subject of damages which could not possibly have had any application in any action brought by the party injured if he had survived."

The death of plaintiff's intestate need not happen within a year and a day from the injury. That rule is one applicable to criminal cases only. It is an arbitrary rule of the common law that if the death does not occur from the injury in a year and a day, it will be presumed that the death happened from other causes than the wound. The rule has no place in civil actions. The plaintiff must prove that the death resulted solely from the injury, and the statute in question gives her two years after the death in which to commence her action. This is done. The order overruling the demurrer should therefore be reversed, with costs to abide the event, and

the demurrer should be sustained, with leave to defendant to answer over.

DYKMAN, J.:

John Schlichting was injured by the wrongful act of the defendant, on the 19th day of October, 1878, and his death resulted from the injury, on the 5th day of November, 1879.

He commenced an action for the wrong and recovered and collected a judgment therefor of $637.13 before his death.

Now the plaintiff, as administrator of his estate, has commenced this action under the statute requiring compensation for causing death by wrongful act, neglect or default, and the defendant sets up for defense thereto the former recovery by the plaintiff's intestate, and that death did not ensue within a year and a day after the injuries were received. To this plea the plaintiff has interposed a demurrer, and we thus have presented a very serious question.

In behalf of the defendant the argument is that the wrongful act afforded but one single cause of action, and that after one recovery and compensation therefor, no new development will justify another action, while for the plaintiff the contention is that with death as a result of the wrongful act, a new grievance springs up having reference "to the pecuniary injuries resulting from such death to the wife and next of kin of such deceased person."

By the common law and under our statute a cause of action for personal injuries expires with the person, and if the statute under which this action is commenced affects a simple devolution of the cause of action which the deceased in his lifetime had, then this action cannot be maintained, for that cause has been discharged by compensation. But that is not the best view of the statute. In an action for personal injuries the recovery is for the pecuniary loss of the injured party, and for the pain and suffering he endured; but the statute gives a new action in the event of death for "the pecuniary injuries resulting from such death to the wife and next of kin"— a new action for new injuries to other parties. "A new grievance of a distinct nature, namely, the deprivation suffered by the wife and children or other relatives of their natural support and protection, arises upon his death and is made by the statute the subject of a new cause of action in favor of these surviving relatives, but to be

prosecuted in point of form by the executor or administrator."
( *Whitford* v. *Panama R. R. Co.*, 23 N. Y., 470.)

In this view of the statute and the purposes which it was designed
to accomplish the plea sets up no bar to this action, and the plaintiff
may have it notwithstanding the former recovery.

There are facts for its maintenance now which had no existence
at the time of such judgment; now the husband is dead, and although
the wrongful act of the defendant remains the same, yet that event
has shown that other persons are affected by it who were not before.
The wife and next of kin are deprived of protection and support.
The common law gave them no redress for such loss, because legal
liability departed with the person receiving the wrong. All remedy
was interscinded by his decease, but this statute created a new cause
of action for surviving relatives, for the pecuniary injuries resulting
to them from such death.

This view is opposed to the case of *Dibble* v. *New York and
Erie Railway Company* (25 Barb., 183), but that case was after-
wards weighed in the balance and found somewhat wanting. It
went to the Court of Appeals and failed to receive affirmance
after three arguments.    (21 How., 593; 23 id., 599.)

There is a dissenting opinion in the Whitford case (*supra*) which
was prepared by Judge COMSTOCK for affirmance of Dibble's case.
It presents that view of the statute with the strength of reasoning
and force of expression which always characterize the productions of
that learned judge, but it failed to receive the sanction of the court
and is antagonistic to our own view, although we dissent from it
with much diffidence. On this point, therefore, we sustain the
demurrer.

There is also a demurrer to that portion of the answer setting up
that more than a year and a day elapsed from the time of the injury
to the death therefrom. It is a rule of the common law that the
killing of a human being is not murder where death does not result
within a year and a day after the cause was administered; and the
pleader seems desirous to invoke this principle to show that in this
case death did not result from the defendant's wrong. But this old
rule can be called in for no such purpose. If death resulted from
the wrongful act of the defendant, the cause of action is complete
under this statute and time is not important. We have found

neither principle nor authority for the defendant's position and the demurrer must be held good.

The judgment appealed from should be reversed.

Barnard, P. J., concurred; Gilbert, J., not sitting.

Order overruling demurrer to defendant's answer, and judgment entered thereon reversed, with costs to abide the event, and demurrer sustained with leave to defendant to answer.