ANNIE STUEBING, as Administratrix of the Estate of ANTONIE STUEBING, Deceased, Appellant, *against* JESSE A. MARSHALL *et al.*, Respondents.

(Decided February 6th, 1882.)

A release, given by the father of a deceased minor child, whose death was caused by negligence, to the parties liable therefor, is a bar to an action against them by the personal representative of the child under L. 1847, c. 450, where the father alone would be entitled to the proceeds of the claim for damages, for which an action is given by that statute.

APPEAL from a judgment of this court entered upon findings by a judge at a trial without a jury.

On May 8th, 1878, Antonie Stuebing, a minor daughter of Charles and Annie Stuebing, was run over by one of defendants' line of stages, and died from the injuries.

On May 10th, the father, by a written instrument, in consideration of one hundred dollars, released and discharged the defendants from all and every claim he had against them, arising from the death of his child.

On the same day the plaintiff was appointed administratrix and as such, in June following, brought this action, claiming to recover five thousand dollars damages.

The action was tried before the court without a jury, upon the issue raised by the release, and judgment rendered for the defendants. From the judgment the plaintiff appealed.

*Henry Wehle*, for appellant.—The cause of action arose on the appointment of the administratrix (L. 1847, c. 450; L. 1870, c. 78). The father, as mere *cestui que trust*, could not release the claim in this action; it being a debt due by the person through whose negligence death ensues to the legal representatives of the deceased (*Yertore* v. *Wiswall*, 16 How. Pr. 12; *Dolt* v. *Wiswall*, 15 How. Pr. 128), the *cestui que trust* cannot release, convey, or in any way or manner alienate the trust estate (*Rathbone* v. *Hooney*, 58 N. Y. 463).

Stuebing *v.* Marshall.

The release does not affect the claim in this action. The father had valid claims against defendants, as father, which he could release. He was entitled to the infant's services during the two days during which she lingered (*Ford* v. *Monroe*, 20 Wend. 210 ; *McGovern* v. *New York Central, &c. R. R. Co.*, 67 N. Y. 420 ; see *Hyatt* v. *Adams*, 16 Mich. 180). He was entitled to reimbursement of his outlays for medicines and funeral expenses (*Pack* v. *Mayor*, 3 N. Y. 489). The release does not in terms discharge the claim to which the legal representative would become entitled, nor any claim the father would be entitled to receive at the hands of the legal representatives. It cannot be assumed that the father intended to release the claim in this action. There is no proof to sustain this assumption. On the contrary, it is extremely probable that the father had no knowledge of the right to this claim, and that the parties made their agreement without any reference to this claim.

A valid claim existing in favor of the father, as such, the release being silent as to a claim in any other capacity, the court must infer that the parties intended to release that claim only. Even if the release contains general words discharging the defendants " from every claim from the beginning of the world to the day of the date," these general words must yield to the clear intention of the parties (*Connecticut Fire Ins. Co.* v. *Erie R. R. Co.*, 73 N. Y. 399 ; *Rich* v. *Lord*, 18 Pick. 322 ; *Lyman* v. *Clark*, 9 Mass. 234 ; *Wiggens* v. *Norton*, R. M. Charlt. 15 ; *Gimble* v. *Smith*, 7 Ind. 627 ; *Taylor* v. *Homersham*, 4 M. & S. 423 ; *Lindo* v. *Lindo*, 1 Beav. 496 ; *Eaton* v. *Boston R. R. Co.*, 12 Am. R. 147 ; *Hallett* v. *Collins*, 10 How. U. S. 174). And a release, although in terms including all claims, will not be construed to include those held by the grantor in *autre droit*, or such as were not at the time known to him (*Wiggens* v. *Norton*, R. M. Charlt. 15 ; *Lyall* v. *Edwards*, 6 H. & N. 337 ; *Reading R. R. Co.* v. *Jackson*, 7 Watts & Serg. 327).

If the administratix can maintain the action, the fact that the proceeds would naturally go to a next of kin who has executed a release cannot interfere with the right of action

(See *Whitford* v. *Panama R. R. Co.*, 23 N. Y. 467). The release has no greater force than a recovery by the father, under his common law right of action, for the loss of services of his child during her life time would have had (*Ib.* ; *Schlichting* v. *Wintgen*, 25 Hun, 626).

*Earnest G. Stedman*, for respondents.—The release is a good and sufficient defense, if executed by the proper party ; for the right of action was complete at the time of its execution. The father was the proper party to execute the release ; he was the only next of kin, and, as such, was entitled to the whole recovery (3 R. S. 6th ed. 105, § 90, subd. 7). The damages recovered form no part of the assets of the estate, but are the exclusive property of the husband, widow and next of kin, so that a release, executed by either of them, is valid without the signature of the legal representative (*Yertore* v. *Wiswall*, 16 How. Pr. 12; *Quin* v. *Moore*, 15 N. Y. 436 ; *Dickens* v. *New York Central R. R. Co.*, 23 N. Y. 159). The administratrix then is only acting as the trustee or agent of the father, who has already received full satisfaction from defendants for the loss of his child, and has given his release accordingly.

BEACH, J.—[After stating the facts as above.]—The conclusion of the learned justice below is, in my opinion, correct. The claim created by statute, arose when the child died, and prior to the settlement with the father (L. 1847, c. 450). It was enforceable by the personal representative, but its existence in no way depended upon the appointment of an administrator. In law the claim belonged to whomsoever would be entitled to its proceeds. This was the father, and he gave release. Had the child legally settled all claims, and thereafter died from the effects of the injury, the plaintiff could not have sustained an action (*Dibble* v. *New York & Erie R. R. Co.*, 25 Barb. 183). She having power to release any claim possible to arise under the statute, from her death, the release given by the person entitled to the proceeds after it had accrued, is quite as effectual. These proceeds

would belong to the father, less expenses of administration and collection, and could at any any time be, by him, legally assigned, and being assignable, could as readily be settled for, and the right of action from which they were to result, discharged and released (*Quin* v. *Moore*, 15 N. Y. 432.)

The judgment should be affirmed with costs.

VAN BRUNT, P. J., concurred.

Judgment affirmed, with costs.