### DAVID ALSTON, ADMR. V. C., C., C. & I. R. R. CO.

1. ACTION TO RECOVER DAMAGES UNDER SEC. 6134, R. v. STAT.

     A, as administrator of A, brought an action on behalf of the widow and next of kin to recover damages under sec. 6134, Rev. Stat., for an injury which the said decedent received September 3, 1877, through the negligence of the defendant, and which resulted in his death August 29, 1883. On demurrer to the petition, on the ground that the action was barred by the statute of limitations: *Held*,

2. SUCH ACTION IS BARRED IN FOUR YEARS.

     (1). That the action is from *ex delicto*, and barred in four years from the time the cause of action accrued; and

3. ACTION ACCRUES AT THE TIME THE INJURY WAS RECEIVED.

     (2). That the foundation of the action is the *injury*, and not the *death* alone, and that the cause of action accrued at the time the injury was received.

ERROR to the Court of Common Pleas of Delaware county.

ALBAUGH, J.

The plaintiff, as administrator of the estate of Andy Alston, deceased, filed his petition in the court of common pleas, in which he set forth in substance, that on the 3d day of September, A. D., 1877, said Andy Alston, while a passenger on the defendant's cars, near Westerville, Ohio, was injured by the carelessness and negligence of the defendant, and without fault on his part, from which injury, on the 29th day of August, 1883, he died, leaving his widow and child next of kin, and prays judgment for damages.

The petition contains the usual averments. To this petition the defendant demurred on the ground, first, that the petition does not contain facts sufficient to constitute a cause of action; and second, that the petition shows on its face that the claim for damages is barred by the statute of limitations.

The court of common pleas sustained the demurrer to the petition, which action is now assigned for error in this court.

The facts set forth in the petition are sufficient to entitle the plaintiff to a recovery for the damages sustained to the next of kin of the deceased, unless such claim is barred by the statute of limitations.

The injury which resulted in the death of Alston, as averred in the petition, occurred on the 3d day of September, 1877; and he died on the 20th day of August, 1883, so that the time which elapsed from the injury to the time of his death, was more than four years.

It is contended on behalf of the plaintiff, first, that the time limited for the commencement of the action is *six* years; and, second, that the foundation of the action is damages sustained by the next of kin by the death of Alston, caused by the defendant's negligence, and that cause of action therefore did not accrue until his death.

In answer to the first proposition there can be no doubt that the action in which the damages are claimed, is in form *ex delicto*, and is barred in four years from the time the cause of action accrued.

In order then to decide the question whether the action was barred by the statute of limitations, we must first determine when the cause of action accrued; because if it accrued at the time of the alleged injury, more than four years have elapsed since that time, and the claim would therefore be barred.

At common law no action could be maintained for damages to the person of the deceased, or for damages which the widow and next of kin sustained by reason of his death, in the name of the personal representative. Whether or not it

23 C. C.    1

was founded upon sound policy, the rule was that purely personal wrongs died with the person who received them, and no right of action survived for the benefit of the widow and next of kin, for the injury which resulted in the death.

The legislature made an innovation upon this rule, by providing that "whenever the death of a person shall be caused by wrongful act, neglect, or default, and the act, neglect or default is such as would, if death had not ensued, have entitled the party injured to maintain an action and recover damages in respect thereof, then and in every such case the person who, or the corporation which, would have been liable if death had not ensued, shall be liable to an action for damages notwithstanding the death of the person injured." * * *

By the language of this statute it is obvious that the wrongful act or neglect is the *cause* or *foundation* of the action, and that the death is the result, or the consequence of the wrong. A recovery is authorized in the name of the personal representative for the benefit of the widow and next of kin, if the wrongful act is such as would, had death not ensued, have entitled the party injured to maintain an action and recover damages in respect thereof.

If the right to maintain an action by the person who received the injury, is for any reason barred by a settlement with the wrong-doer, in which he receives full satisfaction for the injury; or if the claim is barred by the statute of limitations, so that he could not have maintained an action thereon in his life-time, then the right of action does not survive to the personal representatives.

We are unable to construe the language of the statute to mean, or that the legislature ever intended, that two suits could be maintained; the one for the recovery of damages to the party injured, in his life-time, and the other for the recovery of damages sustained by the next of kin by the death, which is the result of such injury.

While the measure of damages would be somewhat different in the two actions—in the former damages being allowable for pain and suffering, and expense for medical care and attendance, and in the latter the damages are founded upon the death as the cause of action—yet the wrongful act or neglect admits of but one satisfaction, which may be had by the deceased in his lifetime, or by the next of kin after his death.

It is claimed by the plaintiff, that where a recovery is had by the party injured in his life-time, such recovery is for the benefit of his estate, and can be applied to the payment of his debts; while in a case of this character the recovery is for the exclusive benefit of the widow and next of kin.

While the statutes provides that every such action shall be for the exclusive benefit of the wife, or husband and children, or if there be neither of them, then of the parents and next of kin of the person whose death shall be so caused, and in such action the jury may give such damages as they may think proper, not exceeding the limit fixed by law, proportioned to the pecuniary injury resulting from such death, to the persons respectively for whose benefit such action shall be brought, yet this provision evidently has reference only to the distribution of the damages recovered, and not to the foundation of the action.

The damages sustained by the widow and next of kin are for causing the death of a person upon whom they depended—it may be—for maintenance and support; who occupied a pecuniarily beneficial relation to them, and whose death is their loss and measure of damage. The wisdom of the legislature, providing for the distribution of a recovery in such case cannot be questioned.

The action referred to in this section, is the same which is authorized in the preceding section, the foundation of which is some wrong, or negligence, for which the person injured is entitled to redress, which could only be had after his death by his personal representative for the benefit of the next of kin; the death does not create a new cause of action against the wrong-doer; but it is one which existed before, with the incident of survivorship provided for by the statute.

The action under consideration has its foundation in the *injury* causing death, and not merely in the fact of death itself. "The right of action in the

personal representatives depends not only upon the character of the act from which the death ensued, but also upon the condition of the decedent's claim at the time of his death. If the claim was in such shape that he could not have then enforced it, had death not then ensued, the statute gives representatives no right of action, and creates no liability whatever, on the part of the person inflicting the injury. Therefore, if the person injured obtains satisfaction by action, or by a voluntary settlement and payment before death ensues, the wrongful act which caused the injury and all its consequences, past and future, are included, and the whole cancelled together, and the liability of the wrong-doer is ended." Dibble v. N. Y. R. R. Co., 25 Barb., 183; Read v. Great Eastern R. Co., L. R. 3 Q. B., 555.

In Russell v. Sunbury, 37 O. S., 372, the court say, "the right to maintain such an action under this section of the statute by the personal representative of the deceased for causing death, is authorized against the person who, or the corporation which would have been liable if death had not ensued, whenever the death shall have been caused by the wrongful act, neglect or default of such person, or corporation. The statute itself gives the test of the right to such an action. If the party injured could, had death not ensued, have recovered for his injuries then, when death does ensue, his personal representatives may recover. The foundation of the former action is the personal injuries to himself by the wrongful act, neglect or default of the defendant. The same injuries causing death are the foundation for the right of action in favor of his personal representatives. The amount recovered is for the exclusive benefit of his widow and next of kin resulting from the death. The damages recovered are for the pecuniary injury to the widow and next of kin, and not for injury to his estate. The legal injury for which a recovery may be had, is that done to them by causing the death of the decedent. His personal injuries, for which an action would lie if death had not ensued, are the basis of his recovery; while their injury, for which damages commensurate with their pecuniary loss resulting from his death are recoverable, is the basis of their action. In each the liability arises from the same wrongful act or neglect but in his action the amount of recovery is measured by his personal injuries, while in theirs the amount of recovery depends on their pecuniary loss resulting from his death.

It is therefore quite clear, that at the time of the death of the decedent, he could not have maintained an action against the defendant for damages for alleged injury.

The claim at that time having been barred by the statute of limitations, no action could be maintained by his personal representatives on behalf of the widow and next of kin.

Judgment affirmed.

Jones & Lytle, for plaintiff.

Carper & Vanderman, for defendant.