Kittredge & Wilby, for Plaintiff.

C. W. Baker, for Defendant.

---

(Licking County Common Pleas Court)

## MARGARET CULLISON, ADMINISTRATRIX, v. THE B. & O. RAILROAD CO.

A railroad employe was killed while in discharge of his duty as brakeman of a railroad train. He left a widow but no children or their legal representatives. After his death his widow accepted $1,000.00 from the railroad company, and in consideration thereof, executed and delivered to the company a release, discharging and releasing the company from all liability to her, as widow, for negligence causing the death of her husband. Subsequently, she was appointed administratrix of her husband's estate, and brought an action under sec. 6135, Rev. Stat., for herself, as the sole heir and only beneficiary of her husband's estate, to recover damages against the railroad company

for wrongfully causing the death of her husband.

Held: That by accepting the sum of $1,000 from the company, and releasing it from all liability to her as widow of the deceased, in an action subsequently brought by her as administratrix, she is estopped from recovering damages from the company for herself as the sole and only beneficiary of her husband's estate.

WICKHAM, J.

Margaret Cullison, as administratix of the estate of Harvey Cullison, deceased, brought her suit against the Baltimore & Ohio Railroad Company, under the statute, to recover the sum of $1999. 99 as damages for negligently causing the death of her decedent.

In her petition she charges that she is the duly appointed and acting administratrix of the estate of Harvey Cullison, deceased; that Harvey Cullison died, leaving no children, or their legal representatives; that she is the widow and next of kin of the deceased, and, therefore, the sole and only beneficiary for whom she, as administratrix, brings her action.

The Railroad Company files its answer to the plaintiff's petition, and, for its second defense, it says:

"That the said decedent, at the date he entered into the service of the defendant, to-wit: on the 24th day of November, A. D. 1891, as one of the conditions of employment by the defendant, made application, in writing, to the defendant in its relief department for membership in the relief feature, and thereby consented and agreed to be bound by all the regulations of the relief department then in force, and by any other regulations of said department thereafter adopted applicable to the relief feature, for which regulations then in force reference was had to any copy of the last edition of the book of regulations of said department, issued by the superintendent; and decedent thereby agreed that the defendants, by its proper agents, and in the manner provided in said regulations, should apply monthly in advance from the first wages earned by him under said employment, in each calendar month, sums at the rate of $2.00 per month as a contribution to the relief features of said department, for the purpose of securing the benefits provided by said regulations for a member of Class B to himself, or, in the event of his death, to his wife, Maggie (who is the plaintiff) subject to all the provisions and requirements of said regulations.

"That said decedent thereby further agreed that said application, when accepted by the superintendent, should constitute a contract between the decedent and this defendant as a condition of his employment by the defendant, governed in its construction and effect by the laws of the state of Maryland, and, as such, be an irrevocable power and authority to appropriate the said amounts from his wages, and apply the same as aforesaid.

"That the decedent further thereby agreed that, in consideration of the contributions of said company to the relief department, and of the guarantee by it of the payment of the said benefits, the acceptance of the benefits from said relief feature for the injury or death should operate as a release of all claims against said company for damages by reason of such injury or death, which could be made by or through decedent and that the superintendent might require as a condition precedent to the payment of such benefits, that all acts by him deemed appropriate or necessary to effect the full release and discharge of this defendant from all claims be done by those who might bring suit for damages by reason of such injury or death.

"That decedent understood and agreed that the said application, when accepted by the superintendent, should constitute a contract between decedent and this defendant by which his right as a member of said relief features and as an employe of said company should be determined as to all matters within its scope.

"And defendant further says, that the said applicaion was accepted in writing at the office of the superintendent of the relief department, in Baltimore City, Maryland, by the superintendent thereof, on the 27th day of November 1891; and thereby the said application became and was a contract between the decedent and the defendant, and said contract was in full force and effect up to and including the day of the death of decedent.

"And defendant further says, that on the 5th day of January, 1892, and after the death of decedent, the said Margaret Cullison, using the name "Margaret E. Cullison," as the wife and beneficiary of decedent in said contract, executed and delivered to said defendant a paper writing, under her hand and seal, whereby she recited that the decedent was a member of the relief feature of said relief department, under applicaton No. 22473, and the death benefit payable from the said relief department on account of said membership, amounting to one thousand dollars, was payable to his wife, Margaret (or correctly Margaret Elvira Cullison); that therefore she, the said Margaret, did thereby acknowledge that the payment of the said amount by said relief department, which payment was thereby acknowledged, was in full satisfaction and discharge of all claims or demands on account of, or arising from, the death of decedent, which she then had, or might, or could have, against the relief department, the said Baltimore & Ohio Railroad Company, or any other company operating its branches or divisions, and did thereby release and forever discharge said department and said companies from all said claims and demands.

"That thereby and in consideration of the premises and of the payment of said sum

of one thousand dollars, the said Margaret Cullison did wholly and fully release and discharge the defendant from any and all claims and demands growing out of or on account of the death of decedent while in the service of defendant.

"That this action is brought and prosecuted by said Margaret, through decedent, solely for her benefit, and not for the benefit of said estate, and she is in law estopped and barred from further prosecuting this action, and this action ought to be dismissed. And defendant prays judgment accordingly".

To his defense, the plaintff filed her reply; and the cause was submitted to the court on a motion to strike out, by sections substantially all of the reply.

Without taking the time to read the reply as it is quite lengthy, covering four closely type written pages, we will take up and consider, in their order, the points upon which the plaintiff relies for her answer to the new matter set up as a second defense to the plaintiff's petition. 1s. That the defendant, being a corporation, incorporated and chartered for the purpose of building and operating a railroad, has no authority to organize and put into operation a department to its railroad business known as the relief department, or to conduct or carry on any such department, and never had any authority thereunder to release itself from liability for negligence of its officers or agents, to extend relief to its employes, and by so doing release itself from liability for its negligent and careless acts.

That the defendant, ever since it has organized and carried on said relief department, has exercised the full management and control thereof, and that before it will pay out any benefits to the person entitled thereto, it exacts and receives from the person entitled to such compensation, under and in pursuance of what it claims was a previous contract to release it from liability for its negligent and careless acts. a full release from all liability for such damages.

Whether the agreement entered into between the plaintiff's intestate and the defendant, at the time of his employment by the defendant, that he or his personal representatives would accept the sum of money, the payment of which is provided by the rules and regulations of the relief department, was a valid contract, and could be enforced by the defendant, we do not think we are called upon to decide. But that a railroad company, in Ohio, may operate a proper relief department, has been settled by our supreme court. I refer counsel to the case of the P. C. C. & St. L. Ry. Co. v. Cox, 37 Bull., 30. It is found in the bulletin of the issue of Jan. 11th 1897.

I read the syllabus of that case:

"An employe of a railroad company, voluntarily and with full knowledge of the character and effect of the contract he was assuming applied for admission to an association composed of the company and a portion of its employes, called the "Voluntary Relief Department", and being admitted, contracted that the company might deduct from his wages the sum of seventy-five cents per month for the purpose of forming, with other like contributions by other employes, members, and contributions, which by the contract the company was obliged to make, a relief fund for the benefit of the employes in case of sickness, accident or death; and contracted further, that in case of accident, the acceptance by. him thereafter of relief from the relief fund so accumulated, should have the effect to release the company from liability or damages.

"Held: 1st. Such contract is not interdicted by the Act of April 2nd 1890, 87 O. L., 149 for the protection and relief of railroad employes etc. ?nd. The contract is not contrary to public policy. 3rd. The contract does not lack mutuality. 4th. It is based upon a valid consideration."

This authority I think sufficiently answers the matter set forth in the second and third paragraphs of the plaintiff's reply.

4th. In the fourth paragraph, the plaintiff avers that her intestate was wholly ignorant of the rules and regulations of said relief department, by which no benefit should be paid to him unless he would release the defendant from all liability for damages for injury or death.

I have said that we do not think we are called upon to decide whether the agreement between the plaintiff's intestate and the defendant was a valid contract, and this, because it could make no difference whether the agreement to release the company from liability was valid or void. If it was a valid contract, and the widow, as sole beneficiary, received from the company the money stipulated in the contract, then the only question that would remain is, whether after having received the money as widow and sole beneficiary, she could afterward sue and recover from the company as administratrix. If the contract was void and unenforceable by the company, the fact would still remain that the money was received by the beneficiary, and a release given to the company, and the question would still be: does the receipt of the money from the company by the beneficiary bar her right to recover as administratrix? And whether the plaintiff's intestate was ignorant of the rule and regulations of the relief department, or not, it would not affect the rights or liabilities of·the parties to the release. if we assume, as the plaintiff claims, that the agreement to relesae, between the defendant and plaintiff's intestate, was void.

5th. In the fifth paragraph it is alleged that the defendant deducted out of the earnings of plaintiff's intestate, the sum of two dollars per month, without his consent and against his will, for the time he was in the defendant's employ. and that the $1,000. received by her, as widow, was money thus deducted from the earnings of all defendant's employes.

We think it would make no difference

where or how the defendant procured the money to pay to the plaintiff, so long as it was not money belonging to her or her deceased husband.

The sixth and seventh paragraphs of the reply contain nothing except what has already been considered.

8th. That the money so paid by the defendant to the plaintiff was paid to her, and received by her, in her individual capacity only; that at the time she received it she was not the administratrix of her husband's estate; that she had no authority to settle and release the defendant from its liability for damages to said estate or next of kin.

This question was made by a demurrer to the second defense of the answer, and passed upon by this court, and the demurrer overruled; but the question is again raised by the reply and motion filed thereto.

Counsel for the plaintiff contend that notwithstanding the plaintiff, as widow, received $1,000. from the defendant, and in consideration thereof released the defendant from liability to her, she may maintain an action against the defendant, as administratrix of her husband's estate, and, in support of their contention, they cite B. & O. Ry. Co. v. McCamey 12 C. C. 543; and the court, in their opinion, use languge that seems to support that doctrine but the precise question was not before the court in that case, and so far as I have been able to discover, the question has never been adjudicated in Ohio.

On the contrary, in Tiffany on Death by Wrongful Act, section 125, it is said: "A release or compromise of his claim by the plaintiff is of course a defense to the action, and this, whether the release or compromise was by the administrator, or other person authorized to prosecute the claim, either in a representative capacity or for his own benefit, or by a person not the nominal plantiff, but actually entitled to the benefit of the action". Stuebing v. Marshall, 10 Daly, 406. A release such as is set forth in the answer of the defendant, is a complete contract. The plaintiff is sui juris, and had a right to make such a contract as she thought most beneficial to her. She is the sole and only heir to her husband's estate, and therefore the only beneficiary in the event of a recovery in this action. And to permit her to recover damages against the defendant for her sole benefit, in the face of the fact of her receipt of $1,000. from the defendant, and the giving of a release as alleged, would be unjust and inequitable.

In an action of this kind, if a beneficiary is guilty of negligence that contributed to cause the death of the deceased, that beneficiary is precluded from recovering. Wolf, Adm'r of Toney Meyer, v. The L. E. & W. Ry. Co., 37 Bull. 23 (Jan. 11th 1897) And, by a parity of reasoning, if a beneficiary, who is competent to contract, agrees, for a valuable consideration, to release and discharge from liability those whose negligence

[COPYRIGHT, 1897, BY CARL G. JAHN.]

produced the death of another, I think such beneficiary would be estopped from afterward recovering damages.

I think that this defense must be met by a denial, or the averment of such facts as would render the release inoperative.

The motion to the reply may be sustained.

S. M. Hunter and J. A. Flory, for Plaintiff.

Kibler & Kibler, for Defendant.