ANN LITTLEWOOD, as Administratrix, etc., Appellant, *v.* THE MAYOR, ALDERMEN AND COMMONALTY OF THE CITY OF NEW YORK, Respondent.

When one injured by the wrongful act, neglect or default of another brings suit and recovers damages for the injury in his lifetime, in case death subsequently results from the injury, his personal representatives cannot maintain an action under the act of 1847 (Chap. 450, Laws of 1847).

Said act was not intended to impose a double liability, but simply to give a right of action where a party, having a good cause of action for a personal injury, was prevented, by death resulting from such injury, from enforcing his right or who omitted in his life-time so to do.

*It seems,* that the legislature has the power to create the double liability.

*Schlichting* v. *Wintgen* (25 Hun, 626), overruled.

(Argued February 6, 1882 ; decided April 25, 1882.)

APPEAL from judgment of the General Term of the Superior Court of the city of New York, entered upon an order made May 2, 1881, which overruled plaintiff's exceptions and directed judgment on an order dismissing the complaint on trial. (Mem. of decision below, 15 J. & S. 547.)

This action was brought to recover damages for the death of Patrick Littlewood, plaintiff's intestate, alleged to have been caused by defendant's negligence.

The answer alleged and it was admitted on the trial that plaintiff's intestate during his life-time brought suit against defendant for the injuries sustained by him at the time and place mentioned in the complaint herein, which action was tried and judgment recovered, which was paid by defendant.

*Edward D. McCarthy* for appellant. The judgment obtained against defendant by plaintiff's intestate is not an adjudication of this plaintiff's right and is not a bar to this action. (*Leggatt* v. *The Railway Co.*, 1 Q. B. Div. 599; *Whitford* v. *The Railway Co.*, 23 N. Y. 465.) The action brought by the intestate of the plaintiff did not involve the same subject of dispute as does plaintiff's. (*McIntire's Case*, 37 N. Y. 287; *Quinn* v. *Moore*, 15 id. 435.) The judgment was not one obtained by or on behalf of one with whom the plaintiff is privy in estate; the two rights of action are distinct and not provable by the same evidence. (79 N. Y. 634.) The statute does not limit the right of recovery of the next of kin to cases where their intestate did not recover a personal satisfaction. ( *Whitford's Case*, 23 N. Y. 465; *Leggatt's Case*, 1 Q. B. Div. 599.)

*Arthur H. Masten* for respondent. The purpose of chapter 450, Laws of 1847, was to extend or continue the liability which arose at common law upon the commission of a wrongful act, not to create a new and additional liability therefor. (Laws of 1847, chap. 450, §§ 1, 2; Laws of 1849, chap. 256, p. 388; Laws of 1870, chap. 78, p. 215; *Green* v. *H. R. R. Co.*, 2 Abb. Ct. App. Dec. 282; *Safford* v. *Drew*, 3 Duer, 636; Maxwell on Interpretation of Statutes, 35; *Furman* v. *The Mayor*, 5 Sandf. 37; Cooley on Torts, 264; *Barron* v. *Ill. Cent. R. R.*,

1 Bissell, 412.) The foundation of the action given by the statute is the wrongful act, neglect or default therein mentioned, and not the violation of any right of property in the life of the deceased, held by the husband, widow or next of kin. (*Curran* v. *Warren C. & Mfg. Co.*, 36 N. Y. 153 ; *Wilds* v. *Hudson River R. R. Co.*, 24 id. 430 ; *Willets* v. *B. & R. R. R. Co.*, 14 Barb. 585 ; Addison on Torts [Wood's ed.], § 575 ; id. [Cave's ed.], 551 ; Cooley on Torts, 264; Shearman & Redfield on Negligence [3d ed.], §§ 301, 302; *Perkins, Admx.,* v. *N. Y. C. & H. R. R. R. Co.*, 24 N. Y. 196 ; *Bissell* v. *N. Y. C. & H. R. R. R. Co.*, 25 id. 442 ; *Kinney* v. *Central R. R.*, 32 N. J. 407 ; Wood's Mayne on Damages [1st Am. ed.], § 708 ; Wait's Actions and Defenses, 476; *Whitford* v. *Panama R. R. Co.*, 23 N. Y. 487 ; *R. R. Co.* v. *Barron*, 5 Wall. 90.) Defendant having once responded in damages for the negligent act, which is the foundation of the plaintiff's action, all liability for such act has been extinguished, and compensation therefor cannot be exacted a second time. (Addison on Torts [Dudley & Baylie's ed.], 735, 1156 ; 1 Sedgwick on Measure of Damages [7th ed.], 705 ; *Fetter* v. *Beale*, 1 Ld. Raym. 339 ; *Bonomi* v. *Backhouse*, 27 L. J. Q. B. 390 ; *Whitford* v. *Panama R. R.*, 23 N. Y. 487 ; *Hodsoll* v. *Stollebras*, 11 Ad. & Ell. 301 ; *Whitney* v. *Clarendon*, 18 Vt. 252; *Read* v. *Gt. E. R. Co.*, L. R., 3 Q. B. 555 ; *Filer* v. *N. Y. C. R. R. Co.*, 49 N. Y. 42 ; *Curtis* v. *R. & S. R. R. Co.*, 18 id. 534; *Drew* v. *Sixth Ave. R. R. Co.*, 26 id. 49 ; Sedgwick on Measure of Damages [7th ed.], 544; *Dibble* v. *N. Y. & E. Ry.*, 25 Barb. 187 ; *McGovern* v. *N. Y. C. & H. R. R. R. Co.*, 67 N. Y. 417.) The statute should be so construed that its results will be in conformity with the established rules of the common law, and not with the exceptions thereto. (Sedgwick on Construction of Statutes, 270 ; *Wilbur* v. *Crane*, 13 Pick. 284, 290 ; Maxwell's Interpretation of Statutes, 264 ; Potter's Dwarris on Statutes, 185 ; Smith's Commentaries on Stat. and Const. Law, §§ 448–449.)

RAPALLO, J. The counsel for the plaintiff is sustained by the authorities in the proposition upon which he mainly bases his

argument in this case, viz. : That the right of action given by the act of 1847, to the personal representatives of one whose death has been caused by the wrongful act, neglect or default of another, is a new right of action created by the statute, and is not a mere continuation in the representatives, of the right of action which the deceased had in his life-time. But it seems to me that this is not the point upon which the case turns, and that the true question is, whether, in enacting the statute, the legislature had in view a case like the present, where the deceased in his life-time brought his action, recovered his damages for the injury which subsequently resulted in his death and received satisfaction for such damages; and whether it was intended to superadd to the liability of a wrong-doer, who had paid the damages for an injury, a further liability in case the party afterward died from such injury, for the damages occasioned by his death, to his next of kin ; or whether the intention of the statute was to provide for the case of an injured party who had a good cause of action, but died from his injuries without having recovered his damages, and in such a case to withdraw from the wrong-doer the immunity from civil liability afforded him by the common-law rule that personal actions die with the person, and to give the statutory action as a substitute for the action which the deceased could have maintained had he lived.

There can be no doubt that the legislature had power to create the double liability contended for, nor would it necessarily involve any inconsistency. The damages of the party injured are different and distinguishable from those which his next of kin sustain by his death, and no double recovery of the same damages would result. But it is equally clear that the legislature might give to the representatives the statutory right of action, only as a substitute for the damages which the deceased was prevented by his death from recovering, and the question now is, what was their intention in this respect?

The language of the act plainly indicates, I think, that the framers had in view the common-law rule, " *actio personalis* " etc., and that their main purpose was to deprive the wrong-doer of the immunity from civil liability afforded by that rule.

The entire gist of the first section is that the wrong-doer "shall be liable to an action for damages *notwithstanding the death of the person injured* and though the death shall have been caused under such circumstances as amount in law to a felony." It does not provide that the wrong-doer shall be liable notwithstanding that he shall have satisfied the party injured, or notwithstanding that the latter has recovered judgment against him, or notwithstanding any other defense he might have had at the time of the death, but merely that the *death* of the party injured shall not free him from liability ; showing that this is the point at which the statute is aimed.

The condition upon which the statutory liability depends is declared to be, "that the act, neglect or default is such as *would* (if death had not ensued) *have entitled the party injured to maintain an action and recover damages,*" etc.

This language is accurate if the act was intended to apply to the case of a party who, having a good cause of action for a personal injury, was prevented by the death which resulted from such injury, from pursuing his legal remedies, or who omitted in his life-time to do so. It precisely fits such a case, but it is singularly inappropriate to the case of one who has in his life-time maintained the action and actually recovered his damages. The form of expression employed in the act shows that the legislature had in mind the case of a party *entitled* to maintain an action, but whose right of action was by the rule of the common law extinguished by his death, and not the case of one who had maintained his action and recovered his damages.

This still more strongly appears by reference to the words of the act which describe the wrong-doer against whom a right of action is given. He is not described by any language which is applicable to a party against whom judgment has been obtained by the deceased for the injury, but as "the person who *would have been liable* if death had not ensued." And the enactment is that this person shall be liable notwithstanding the death. It seems to me very evident that the only defense of which the wrong-doer was intended to be deprived, was that afforded him by the death of the party injured, and that it is, to say the least,

assumed throughout the act that at the time of such death the defendant was liable.   In the present case the defendant does not answer the description of "the person who would have been liable if death had not ensued."   It would not have been liable if the injured party were living, for the former judgment would be a complete bar.   The statute may well be construed as meaning that the party who at the time of the bringing of the action "would have been liable if death had not ensued" shall be liable to an action notwithstanding the death, etc.

It is argued, and the adjudications sustain the argument, that the condition that the wrongful act, etc., must be such as would have entitled the party injured to maintain an action, has reference to the circumstances of the injury, and the character of the act, including the question of contributory negligence, etc. This is undoubtedly true, and such is the purport of the language.   But it does not follow that it can have no further effect, and that it cannot be considered for the purpose of determining whether the right of action created by the statute was intended to be given in cases where the deceased had in his life-time actually recovered damages for the injury, or only in cases where he could have recovered them had he lived, but had not done so. That was not the question before the court in the case of *Whitford* v. *Panama R. R. Co.*, 23 N. Y. 465, where this condition was commented upon.   The point there decided was that the statute created a new right of action, and was not a mere continuation in the personal representative, of the right of action which had been vested in the deceased in his life-time, and that consequently the action could not be maintained where the wrongful act was committed without this State.   The effect of the provision that "the person who would have been liable if death had not ensued shall be liable," etc., as bearing upon the question now at issue, was not considered in that case.

In *Dibble* v. *N. Y. & Erie R. R. Co.*, 25 Barb. 183, a settlement between the wrong-doer and the deceased was held to be a bar to an action by his representative, he having died from the injuries.   That case came before this court, but the appeal does not appear ever to have been decided, though several times

argued, the court having been divided. (21 How. Pr. 593; 23 id. 599.) The decision of the Supreme Court cannot, in the light of subsequent cases, be sustained on the ground that the representative suing under the statute merely succeeded to the right of action of the deceased and was for that reason barred by his release: but on the ground that the statute was not intended to subject the defendant to an action where he had made compensation to the deceased in his life-time and would not have been liable if the deceased had not died, I think the conclusion was correct. The present case, however, is still stronger for the reasons before stated.

We have very little authority to guide us in coming to a conclusion. The only adjudication in point in this State sustaining the claim of the plaintiff is the decision of the General Term in the second department in *Schlichting* v. *Wintgen* (25 Hun, 626), and against this may be set off the judgment of the General Term of the first department in the present case. The cases cited from Vermont do not aid us much, for in that State an action for personal injuries survives to the personal representatives, and in enacting the statute giving a right of action for the benefit of the next of kin it must necessarily have been the intention to superadd that liability to the liability which was enforceable by the deceased. In England the only case in point is *Read* v. *Great Eastern Railway Co.* (L. R., 3 Q. B. 555), decided in 1868, under Lord CAMPBELL's Act, 9 and 10 Victoria, chapter 93, which is substantially like the act of 1847, the first section of which is a transcript of the first section of the English statute. It was held in that case that a plea of accord and satisfaction with the deceased in his life-time was a good bar to an action by his legal representative. The decision was put upon two grounds, first, that by the terms of the act the defendant was not liable because the deceased was not, at the time of his death, entitled to maintain an action; and second, that it was not the intention of the statute to make the wrong-doer pay damages twice for the same wrongful act, but only to prevent him from being freed from liability by the death of the party injured, and to enable his representatives to maintain an action where before

the statute the maxim *actio personalis*, etc., would have exempted him from civil liability to any one, and that the statute only pointed to such a case. It is claimed that the authority of this case is shaken by subsequent adjudications, but those referred to do not seem to me to have any such effect. *Pym, Adm'x,* v. *Great Northern Railway Co.* (2 Best & Smith, 761), and *S. C.* (4 Best & Smith, 397), was decided before the *Read Case* and does not touch or approach the same point. *Bradshaw* v. *Lancashire, etc., Railway Co.* (L. R., 10 C. P. 189), decided in 1875, held that, where the death of a person was caused by negligence on the part of a railroad company which had contracted to carry him, his executrix had a right of action, independently of the statute, for the damages which his estate had sustained by such breach of contract, and that Lord CAMPBELL's act did not take away such right of action. *Leggott, Adm'x,* v. *The Great Northern Railway Co.* (L. R., 1 Q. B. Div. 599), decided in 1876, was the converse of the *Bradshaw Case* just cited, and held that a recovery by the administratrix under Lord CAMPBELL's act was no bar to a subsequent action by the same administratrix for the damages to the estate of the deceased, caused by his injuries. The soundness of the decision in the *Bradshaw Case* was doubted, but it was yielded to as an authority. The *Read Case*, however, was not questioned.

*Barnett* v. *Lucas* (5 I. Rep. [C. L.] 140), and *S. C. on appeal* (6 id. 247), decides the same point as the *Leggott Case*. In none of the cases cited had the deceased recovered damages for the personal injury from which death ensued, and the question was not involved in any of them whether Lord CAMPBELL's act applied to a case where such a recovery had been had. In each of the cases cited the action was brought by the representative, as such, for a cause of action claimed to have survived, and such an action was held to have no connection with, and not to be affected by, an action under Lord CAMPBELL's act, which was founded upon a personal injury for which no cause of action survived. I find no inconsistency between these cases and the *Read Case*, nor does the authority of that case or its reasoning

appear ever to have been questioned. It is not, it is true, an authority binding upon us, but as showing how the statute is understood in the country where it originated and from which we adopted it, it is entitled to much weight.

I can find nothing in the act of 1847 or the amendments of 1849 and 1870 manifesting an intention to impose the liability in question, where the deceased has in his life-time recovered compensation for his injuries. The act has made an important change in the common law, in affording a remedy in cases where the death would have protected the wrong-doer against any recovery whatever; and in holding it applicable to such cases only, we think that all is accomplished that the legislature intended. The argument in favor of the construction contended for on the part of the plaintiff is based largely upon the provisions relating to the damages to be recovered and the disposition to be made of them. Some provisions on those subjects were necessary by reason of the novelty of the action, and such have been adopted as were deemed most appropriate. But they should not control the construction of that part of the statute which imposes the liability, or extend it beyond the fair import of its terms.

If the act had squarely declared that an action might be maintained by the legal representative, notwithstanding a recovery by or an accord and satisfaction with the deceased in his life-time, the legislature might well have paused before enacting it, to consider the policy of such a provision, and, as suggested in the opinion of JOHNSON, J., in the *Dibble Case* (25 Barb. 189), how prejudicially it would operate upon the interests of the party injured, by depriving him of the power of settling his claim or realizing any thing from it in his life-time. It would naturally if not inevitably prevent such settlements and procrastinate litigation until it could be determined whether death would ensue from the injury. There would be little inducement to settle the damages without suit, because whatever might be paid to the injured party would neither bar nor diminish the claim of his representative, should death ensue. The statute should not be strained to bring about such a result, nor should

be reached unless required by the plain language of the enactment.

The judgment should be affirmed.

All concur.

Judgment affirmed.