THE STATE OF MARYLAND, to the Use of Nata
Melitch, Surviving Widow of Velko
Melitch, Deceased,

*vs.*

THE UNITED RAILWAYS AND ELECTRIC COMPANY OF BALTIMORE, A Body Corporate.

*Death by negligence : release of claim; effective against equitable
plaintiff under Article 67, section 1 of the Code.*

Where a party, injured by the negligence of another, dies,
but, before dying, for a valuable consideration executes a release
to the defendant for all claims that he had, or might have, because of such injury, no suit can be brought by the State for the
use of the equitable plaintiffs for damages, under Article 67,
section 1 of the Code of 1904, because of such injury.      p. 463

The distinction drawn between this Act and the provisions of
sections 103 and 104 of Article 93 of the Code of 1912.      p. 463

*Decided June 26th, 1913.*

Appeal from the Baltimore City Court (HARLAN, C. J.).

The facts are stated in the opinion of the Court.

The cause was argued before BOYD, C. J., BURKE,
THOMAS, PATTISON, URNER and STOCKBRIDGE, JJ.

*William J. Ogden* (with whom was *Slyvan Hayes Lauchheimer,* on the brief), for the appellant.

*J. Pembroke Thom* (with whom was *Wallis Giffen,* on
the brief), for the appellee.

BURKE, J., delivered the opinion of the Court.

The equitable plaintiff in this case is the widow of Velko
Melitch, who was injured on the 25th of October, 1910, by the
alleged negligence of the defendant, and died on the 8th day
of March, 1911.   This suit was brought under Article 67,
sections 1, 2, 3 and 4 of the Code (1904), to recover damages sustained by her as the result of his death.

On January 13th, 1911, Velko Melitch, by deed, for a valuable consideration, released the defendant from all and every claim and demand which he might or could possibly have for or on account of his injuries. There is no question in this case as to the validity of the release. The defendant plead this release in bar of this action. The conclusiveness of this release as a bar to the suit was raised by demurrer, and the Court, being of opinion that it constituted a complete defense, a judgment was entered for the defendant.

The sole question presented by the record is this: Does the release constitute an effectual bar to a recovery in this case? The sections of the Code to which we have referred are taken from the Act of 1852, Chapter 299, and are almost a literal transcript of Lord Campbell's Act passed in 1846 (9 and 10 Vic. Chapter 93). In *Coughlan* v. *B. and O. R. R. Company*, 24 Md. 84, the Court said: "The General Assembly of this State, in the year 1852, finding the common law maxim, 'Personal actions die with the person,' unsuited to the circumstances and condition of the people, enacted a law entitled, 'An Act to compensate the families of persons killed by the wrongful act, neglect or default of another person.' To make this design more obvious, the fourth section provides, 'the word person shall apply to bodies politic and corporate,' and 'all corporations shall be responsible under this Act, for the wrongful acts, neglect or default of all agents employed by them.' The material provisions of this Act, as well as its title, are derived from the ninth and tenth Victoria, and are embodied in Art. 65 (title Negligence) of the Code (1860). The American cases, arising upon Acts varying in language, necessarily lead, as observed by JUDGE REDFIELD, to a diversity of decisions. We have no better guide than the construction of a statute originating in the same policy, and expressed in the same words, by enlightened jurists, distinguished for their independence and jealous regard for the rights of suitors."

In *Read* v. *The Great Eastern Railway Company*, L. R. 3 C. Queen's Bench, 555, the husband was injured on a railroad, as a passenger, and before he died from the effects of the in-

jury compromised his claim against the railway company. His widow brought suit under Lord Campbell's Act to recover damages which she had sustained by his death. The Court held that, since the settlement made by the husband would have precluded him from recovering "if death had not ensued," the widow by the terms of the statute could have no better right. This interpretation of Lord Campbell's Act has been without question uniformly followed by the English Courts, and if we are to be guided by the construction placed upon the statute by those Courts, the release set up in this case constitutes a complete bar to the action. All the American States have passed Acts providing for compensation to families of a deceased person killed by the wrongful act, neglect or defaults of others, and the books are full of cases dealing with those statutes, and whenever the Courts have had occasion to deal with Lord Campbell's Act, they have approved the construction placed upon it by LORD BLACKBURN in *Read* v. *The Great Eastern Railway Company, supra.* It is not necessary to review the many cases upon this subject, but a reference to two or three cases will sufficiently show the general consensus of the American Courts upon the question here presented.

In *Brown* v. *Chicago and N. W. Ry. Company,* 77 N. W. Rep. 748, which was cited and approved by this Court in *Stewart, Administrator,* v. *United Electric Light and Power Company,* 104 Md. 332, the Court said, referring to *Read's case, supra*: "The decision there is only to the effect that if an injured person has satisfaction of his claim before death, the subsequent death from the injuries does not confer a right of action upon surviving relatives; that such right exists only where there is an injury to a person and there is an existing claim for damages therefor at the time of his death. JUSTICE BLACKBURN, who delivered the opinion, said, in substance, that the proper construction of the statute is that it gives a right of action to certain surviving relatives of a person when death was caused by the wrongful act of another, where he had not received satisfaction in his lifetime, and that

to go further would be straining the language of the law. That seems plain. The language of our statute is that liability of the wrongdoer exists where the deceased could have recovered if death had not ensued. That clearly excludes the idea that where the decedent receives satisfaction for his injuries, the condition requisite to the right of surviving relatives may exist notwthstanding. There is nothing in *Read* v. *Railway Company* in conflict with *Blake* v. *Railway Co.,* 10 Eng. Law & Eq. 443, where, in a very instructive opinion by COLERIDGE, J., it is said that Lord Campbell's Act does not transfer to the surviving relatives mentioned, the claim for damages previously possessed by the deceased, but gives them an independent cause of action for damages peculiarly incident to their relation to the deceased. The two cases are often cited to opposite views, but are in fact, when correctly understood, in perfect harmony. The one holds that the right of the relative named in the statutes is separate and distinct from that possessed by the deceased; and the other, that the right of the relatives is contingent on the death of the injured person without having satisfied his claim for damages."

In *Hecht* v. *Ohio and M. Ry. Co.,* 32 N. E. Rep. 302, the Supreme Court of Indiana, in construing the statute of that state which provided, that when death is caused by a wrongful act, the personal representatives of the decedent may sue therefor if the decedent might have maintained an action had he lived, said: "It is contended that the section of the statute (section 284, *supra*) gives a new right of action in favor of the administrator for the benefit of the widow and children, if any, or the next of kin. This is true in a certain sense. Without the statute, the action could not be maintained; but, in order that it may be maintained, the intestate must have had a right of action against the person whose wrongful act or omission caused the injury which he could have maintained had he lived, and when as in this case, the injured person has prosecuted his action for damages on account of the injury to final judgment, and the judgment has been satisfied prior to his death, he, if he had lived, could not have

prosecuted an action against the person causing the injury
for the same act or omission.   The construction we have
given to this section of the statute is well supported."   The
Court then referred to *Read* v. *Great Eastern Railway Com-*
*pany, supra; Griffiths* v. *Earl of Dudley,* 9 L. R. Q. B. Div.
357; *Haigh* v. *Steampacket Co.,* Law J. 52 Q. B. Div. 395,
640.

In *Littlewood* v. *Mayor, Etc., of New York,* 89 N. Y. 24,
the plaintiff's intestate during his lifetime brought suit
against the defendant for injuries sustained by him, and re-
covered judgment, which was paid by the defendant.   Suit
was afterwards brought by his administrator for the benefit
of the next of kin under a statute substantially like our own.
The Court, in a strong opinion delivered by Judge Rapallo,
decided that he could not recover.   In the course of the
opinion the Court said: "The language of the act plainly in-
dicates, I think, that the framers had in view the common
law rule, *"actio personalis,"* etc., and that their main purpose
was to deprive the wrongdoer of the immunity from civil
liability afforded by that rule.   The entire gist of the first
section is that the wrongdoer "shall be liable to an action for
damages *notwithstanding the death of the person injured*
and though the death shall have been caused under such cir-
cumstances as amount in law to a felony."   It does not pro-
vide that the wrongdoer shall be liable notwithstanding that
he shall have satisfied the party injured, or notwithstanding
that the latter had recovered judgment against him, or not-
withstanding any other defense he might have had at the time
of the death, but merely that the *death* of the party injured
shall not free him from liability; showing that this is the
point at which the statute is aimed.   The condition upon
which the statutory liability depends is declared to be, "that
the act, neglect or default is such as *would* (if death had not
ensued) have entitled the party injured to maintain an action
and recover damages," etc.

This language is accurate if the act was intended to apply
to the case of a party who, having a good cause of action for

a personal injury, was prevented by the death which resulted from such injury, from pursuing his legal remedies, or who omitted in his lifetime to do so. It precisely fits such a case, but it is singularly inappropriate to the case of one who has in his lifetime maintained the action and actually recovered his damages. The form of expression employed in the act shows that the Legislature had in mind the case of a party entitled to maintain an action, but whose right of action was by the rule of the common law extinguished by his death, and not the case of one who had maintained his action and recovered his damages.

This still more strongly appears by reference to the words of the act which describe the wrongdoer against whom a right of action is given. He is not described by any language which is applicable to a party against whom judgment has been obtained by the deceased for the injury, but as "the person who would have been liable if death had not ensued." And the enactment is that this person shall be liable notwithstanding the death. It seems to us very evident that the only defense of which the wrongdoer was intended to be deprived, was that afforded him by the death of the party injured, and that it is, to say the least, assumed throughout the act that at the time of such death the defendant was liable. In the present case the defendant does not answer the description of "the person who would have been liable if death had not ensued." It would not have been liable if the injured party were living, for the former judgment would be a complete bar. The statute may well be construed as meaning that the party who at the time of the bringing of the action "would have been liable if death had not ensued" shall be liable to an action notwithstanding the death, etc.

It is argued, and the adjudications sustain the argument, that the condition that the wrongful act, etc., must be such as would have entitled the party injured to maintain an action, has reference to the circumstances of the injury, and the character of the act, including the question of contribu· the purport of the language. But it does not follow that it

can have no further effect, and that it cannot be considered
for the purpose of determining whether the right of action
created by the statute was intended to be given in cases where
the deceased had in his lifetime actually recovered damages
for the injury, or only in cases where he could have recovered
them had he lived, but had not done so.

There is nothing in these cases in conflict with the decision
of this Court in *Stewart, Administrator,* v. *The United Elec-
tric Light and Power Company, supra,* or with the reasoning
of JUDGE McSHERRY in that case. That suit was not brought
under the Act of 1852, and it was not pretended that the
plaintiff could have recovered under that Act. The injuries
sustained by the deceased resulted in his death a few hours
after the accident. He had made no settlement with the
defendant, and the single question before the Court, as stated
by JUDGE McSHERRY, was: "Did the cause of action, which,
according to the averments of the *narr.* accrued to the de-
eased in his lifetime from the alleged wrongful act and neg-
ligence of the defendant abate when he died or did it survive
so that suit upon it might be instituted and maintained by his
administrator? Upon a full review of the legislation in this
state relating to the survival of actions, the Court decided
that under section 104 of Article 93 of the Code of 1888
(appearing as section 103 of Article 93 of the Code of 1904),
the plaintiff, as administrator of the deceased, could com-
mence and prosecute a suit for injuries sustained by him as
set forth in the *narr.* The Court distinguished the measure
of damages in a suit brought under the provisions of the Code
referred to from one brought for the benefit of the family
under the Act of 1852, and was careful to say that "we are
now speaking of the effect of a settlement made by the in-
jured person in his lifetime." While the Court stated the
settled rule of law of Maryland to be that the Act of 1852
created a *new* cause of action, it held that the right of the
relatives named in the statute to recover "is contingent upon
the death of the injured person without having his claim for
damages satisfied."

*Judgment affirmed, with costs.*