SARAH KELLIHER, as Administratrix of the Estate of DANIEL KELLIHER, Deceased, Appellant, v. NEW YORK CENTRAL AND HUDSON RIVER RAILROAD COMPANY, Respondent.

Decedent's estate — negligence — limitation of actions — action for death caused by injuries received six years before decedent's death — such action barred by three years' Statute of Limitations.

1. The right of action provided for in section 1902 of the Code of Civil Procedure is qualified by the condition that the representative action may be brought only "against a natural person who, or corporation which, would have been liable to an action in favor of the decedent by reason thereof if death had not ensued." This statute and the decisions establish the rule that where an action could not have been brought by the decedent, it cannot be maintained for the same accident by his representative.

2. This action was brought by plaintiff to recover for the death of her intestate from injuries received through the negligence of his employer, plaintiff's intestate having brought no action for the injuries which occurred more than six years before his death. *Held,* that the action is barred by the three-year Statute of Limitations. (Code Civ. Pro. §§ 380, 383.)

*Kelliher* v. *N. Y. C. & H. R. R. R. Co.*, 153 App. Div. 617, affirmed.

(Argued June 4, 1914; decided June 16, 1914.)

APPEAL, by permission, from an order of the Appellate Division of the Supreme Court in the fourth judicial department, entered November 13, 1912, which reversed an interlocutory judgment of Special Term sustaining demurrers to separate defenses set up in the answer and overruled such demurrers.

The plaintiff in her complaint alleges that her intestate, Daniel Kelliher, was injured through the negligence of the defendant, his employer, on November 22d, 1906, and that as a result of such injuries he died February 24th, 1912. She was thereafter appointed his administratrix, and on May 20th, 1912, about six months after his death, brought this action under section 1902 of the Code of Civil Procedure to recover the damages sustained through his death. The allegations of the complaint charge the defendant with negligence both at common law and under the Employers' Liability Act.

In its answer the defendant set up three separate defenses, numbered "Fourth," "Fifth," and "Sixth," the sufficiency of each of which the plaintiff challenged by demurrer. In the "Fourth" defense the defendant alleged, in substance, that the action was barred by the three years' Statute of Limitations applying to actions for personal injuries based on negligence. (Code Civ. Pro. § 383.) The "Fifth" denies that the notice required to be served under the Employers' Liability Act was served within the 120 days from the occurrence of the accident as directed by the statute. The "Sixth" defense avers that the action was not commenced within one year

from the occurrence of the accident as required by the Employers' Liability Act.

The demurrer to each of these defenses was sustained by the court at Special Term, but in the Appellate Division the judgment of the Special Term was reversed and the demurrer overruled.   The Appellate Division allowed an appeal to this court and certified for our determination three questions, presenting the inquiry whether the separate defenses are sufficient in law upon the face thereof to constitute a defense to the facts alleged in the complaint.

*James O. Sebring* for appellant.   The limitation of time prescribed in section 1902 of the Code of Civil Procedure, by virtue of which section this action is brought, alone determines the period of time within which this action shall be brought, any other period of limitation in any other section or sections of said Code to the contrary notwithstanding.   (*Crapo* v. *City of Syracuse,* 183 N. Y. 395; *Rosin* v. *Lidgerwood Mfg. Co.,* 89 App. Div. 245; *Weber* v. *T. A. R. R. Co.,* 12 App. Div. 512; *Schlichting* v. *Wintgen,* 25 Hun, 626; *Whitford* v. *Panama R. R. Co.,* 23 N. Y. 465; *O'Reilly* v. *U., N. & C. S. Co.,* 87 Hun, 407; *Conway* v. *City of New York,* 139 App. Div. 385; *Barnes* v. *City of Brooklyn,* 22 App. Div. 520; *Bonnel* v. *Jewett,* 24 Hun, 524; *Perhisi* v. *Schmalz' Sons, Inc.,* 142 App. Div. 53.)

*Halsey Sayles* and *John B. Stanchfield* for respondent.   The defense, that the action was not brought within three years after the accident, is valid.   (Code Civ. Pro. § 1902; *Dibble* v. *N. Y. & E. R. R. Co.,* 25 Barb. 183; *Littlewood* v. *Mayor, etc.,* 89 N. Y. 24; *Hodge* v. *R. R. Co.,* 112 App. Div. 142; *M. C. R. R. Co.* v. *Vreeland,* 227 U. S. 59; *L. & St. L. R. R. Co.* v. *Clarke,* 152 U. S. 230; *S. A. L. R. Co.* v. *Allen,* 192 Fed. Rep. 480; *Williams* v. *M. D. & H. Board,* L. R. [1 K. B. 1905] 804; *Read* v. *G. E. Ry. Co.,* L. R. [3 Q. B.] 555; *Elliott* v. *St. L. & I. M. R. R. Co.,* 67 Mo. 272;

14

*Spiva* v. *O. C. & M. Co.*, 88 Mo. 63; *E. C. & R. R. Co.* v. *Lowdermilk*, 15 Ind. 120; *Price* v. *Richmond R. R. Co.*, 12 S. E. Rep. 413.)

WERNER, J. The allegations of the complaint disclose that plaintiff's intestate was injured in November, 1906, and died as a result thereof in February, 1912. There was, therefore, an interval of almost six years between the two events. The plaintiff's intestate brought no action during his lifetime to recover for his injuries. Within a few months after his decease, his widow and administratrix brought this action under section 1902 of the Code of Civil Procedure, to recover the damages sustained by her and his next of kin.

The first question to be determined is whether the action is barred by the provisions of section 383 of the Code of Civil Procedure which provides that an action to " recover damages for a personal injury, resulting from negligence," must be brought within three years after the cause of action accrued. (Id. § 380.)

It is familiar learning that at common law no action would lie against a wrongdoer for an injury resulting in the death of the victim. This harsh rule was changed in England in 1846 by a statute commonly known as Lord Campbell's Act. (9 & 10 Vict. ch. 93, § 1.) In the following year this state adopted a similar act L. 1847, ch. 450), and this statute as amended is now embodied in section 1902, Code of Civil Procedure, which, so far as material to the present inquiry, provides as follows: " The executor or administrator of a decedent who has left him or her surviving a husband, wife, or next of kin, may maintain an action to recover damages for a wrongful act, neglect or default, by which the decedent's death was caused, against a natural person who, or a corporation which, would have been liable to an action in favor of the decedent by reason thereof if death had not ensued. Such an action must be commenced within two years after the decedent's death."

It is now settled beyond the possibility of profitable discussion that this statute gives a cause of action that is new and distinct from the common-law action for damages on account of personal injuries based on negligence. (*Littlewood* v. *Mayor, etc., of N. Y.*, 89 N. Y. 24; *Matter of Meekin* v. *B. H. R. R. Co.*, 164 id. 145; *Crapo* v. *City of Syracuse*, 183 id. 395; *McKay* v. *Syracuse R. T. Ry. Co.*, 208 id. 359; *Michigan Cent. R. R. Co.* v. *Vreeland*, 227 U. S. 59, 69, 70.) This distinction is the main reliance of counsel for the appellant. He argues that a limitation applicable to actions for personal injuries cannot be construed to apply to an entirely different and separate cause of action arising only when the injured party dies, and in which the damages are " exclusively for the benefit of the decedent's husband or wife, and next of kin." (Code Civ. Pro. § 1903.) This contention is not without force, for it is supported by authorities in other jurisdictions which have statutory provisions similar to our own. (*Western & Atl. R. R. Co.* v. *Bass*, 104 Ga. 390; *Hoover's Admrx.* v. *Ches. & O. Ry. Co.*, 46 W. Va. 268; *Nestelle* v. *Northern Pacific R. Co.*, 56 Fed. Rep. 261.) It is to be noted, however, that the right of action provided for in section 1902 is qualified by the condition that the representative action may be brought only where a natural person who, or the corporation which, " would have been liable to an action in favor of the decedent by reason thereof if death had not ensued." We think the framers of the section considered that no action should be maintainable under it unless the decedent, at the time of his death, could have maintained an action. The section has been held to bar an action in favor of the representative where his decedent in his lifetime recovered a judgment for personal injuries, which was afterwards paid (*Littlewood* v. *Mayor, etc., of N. Y.*, supra); or where there has been a settlement between the injured person and the party charged with negligence (*Dibble* v. *N. Y. & Erie R. R. Co.*, 25 Barb. 183); or where the defendant is released from

liability by the agreement of the intestate (*Hodge* v. *Rutland R. R. Co.*, 112 App. Div. 142; affd., 194 N. Y. 570); or where the intestate was guilty of such contributory negligence as would have barred an action by him. (Shearman & Redfield's Law of Negligence [6th ed.], § 140a, and cases cited.)

In the case at bar the decedent allowed the three years to expire within which he was permitted to commence an action. His subsequent death could not revive the cause of action based upon his injuries in favor of his representative. By the express language of the statute the wrongdoer is liable to the representative only in a case where he would have been liable to the decedent had death not ensued. In construing the meaning of this language in the *Littlewood* case, Judge RAPALLO said: "It seems to me very evident that the only defense of which the wrongdoer was intended to be deprived, was that afforded him by the death of the party injured, and that it is, to say the least, assumed throughout the act that at the time of such death the defendant was liable." (p. 28.) In a case involving a similar statute the United States Supreme Court said: "As the foundation of the right of action is the original wrongful injury to the decedent, it has been generally held that the new action is a right dependent upon the existence of a right in the decedent immediately before his death to have maintained an action for his wrongful injury." (*Michigan Cent. R. R. Co.* v. *Vreeland, supra.*) Again, in *McKay* v. *Syracuse R. T. Ry. Co.* (*supra*), Judge MILLER said: "Her (the injured person's) cause of action abated upon her death, but the legislature has substituted a new action and has specified the condition upon which it may be maintained, *i. e.*, the right of the injured person to maintain an action if death had not ensued." (p. 363.) The statute and these decisions establish the rule that, where an action could not have been brought by the decedent, it cannot be maintained for the same accident by his representative.

That is the law as established in England (*Williams* v. *Mersey Docks & Harbour Board* (L. R. [1905, 1 K. B. D.] 804), in a case where the precise question was involved, and in other jurisdictions. (*Seaboard Air Line Ry.* v. *Allen,* 192 Fed. Rep. 480; *Williams* v. *Alabama Gt. So. Ry. Co.,* 158 Ala. 396.)

There have been cases in this court, and in some of the lower courts, in which it has been held that under the short Statutes of Limitations, applicable to negligence actions against municipalities, the cause of action under section 1902 does not accrue until after the appointment of the representative. (*Crapo* v. *City of Syracuse, supra; Barnes* v. *City of Brooklyn,* 22 App. Div. 520; *Conway* v. *City of N. Y.,* 139 id. 446.) These cases do not conflict with the conclusion at which we arrive, for in none of them had the time expired within which the injured person could himself have brought an action.

The conclusion we have reached in sustaining the defense of the three years' Statute of Limitations is an absolute bar to the maintenance of this action. It will, therefore, be unnecessary to consider the questions certified as to the sufficiency of the other two defenses. The order of the Appellate Division, after overruling the demurrers, granted to the plaintiff leave to plead over. In the circumstances this is plainly futile, for the bar of the statute prevents further procedure, and the logical disposition of the case suggests a modification of the order. This we have no power to do, since the defendant has not appealed. For these reasons we affirm the order, with costs, and answer the first question in the affirmative. The second and third questions are not answered.

HISCOCK, CHASE, HOGAN, MILLER and CARDOZO, JJ., concur; WILLARD BARTLETT, Ch. J., dissents on the ground that the sole limitation applicable to such an action is prescribed by section 1902 of the Code of Civil Procedure itself.

Order affirmed.