Civil action to recover damages for death of intestate, caused by alleged negligence of defendant company.
The facts relevant to the inquiry are sufficiently embodied in the judgment of his Honor overruling the demurrer, in terms as follows:
"This cause coming on to be heard before his Honor, James L. Webb, judge presiding at said September Term, 1915, of the Mecklenburg Superior Court, and being heard upon the complaint filed by the plaintiff, the answer filed by the defendant, and the demurrer filed by the plaintiff to the further defense set up in defendant's answer, and it appearing to the court from the pleadings referred to that this action is brought by the plaintiff on account of the death of intestate, alleged to have been caused by the negligence of the defendant, and it appearing from the further defense set up in the defendant's answer that the plaintiff's intestate, Jesse Edwards, prior to his death, brought an action for damages on account of the same injuries involved in the present action, which the plaintiff in this action alleges resulted in her intestate's death; that the said action of Jesse Edwards v. Intestate Chemical Corporation was duly tried and judgment rendered therein for the plaintiff, and that said judgment has been duly satisfied by the defendant, all of which will more fully appear by reference to the further defense set out in the defendant's answer, the plaintiff having filed a demurrer to said further defense admitting the truth of the allegations contained therein: Now, therefore, it is hereby considered, ordered and adjudged that the said demurrer, filed by the plaintiff, be overruled, and that the plaintiff's action be and it hereby (552) is dismissed by order of the court."
Plaintiff excepted and appealed.
The question presented in the record has been much considered by the courts, and it has been very generally held, a position in which we fully concur, that the statute conferring a right of action for wrongfully causing the death of another, usually to be prosecuted by the personal representative, does not and was not intended to confer such right when the intestate, the injured party, had been compensated *Page 630 
for the injury during his life and had received such compensation in full adjustment of his claim.
The legislation on the subject in this country is, to a large extent, modeled upon an English statute, commonly known as Lord Campbell's Act, 9 and 10 Vic., ch. 93, our own law, Revisal, secs. 59 and 60, being substantially a reproduction of the English statute, and the construction put upon the law in England was that the action would not lie if the injured party had, during his life, received satisfaction for the wrong; these courts being of opinion that it was the purpose and meaning of the statute to deprive the wrongdoer of the protection oftentimes afforded by reason of the common-law principle that actions of this character died with the person. Read v. Great Eastern Ry., Law Reports, 3 C. Q. B. (1867 and 8), p. 555. In that action it was shown that the injured party, deceased, had accepted a sum of money in full satisfaction for the wrong, and the plea in bar was held a good defense.Blackburn, J., delivering the principal opinion, said, in part: "Before that statute (Lord Campbell's Act), the person who received a personal injury and survived its consequences could bring an action and recover damages for the injury; but if he died from its effects, then no action could be brought. To meet this state of the law, the act of 9 and 10 Vic. was passed," etc.; and Lush, J., concurring, said, in part: "I am of the same opinion. The intention of the statute is not to make the wrongdoer pay damages twice for the same wrongful act, but to enable the representatives of the person injured to recover in case where the maxim, Actio personalis moritur cum persona, would have applied. It only points to a case where the party injured has not recovered compensation against the wrongdoer." This construction of the law has been very generally adopted by the courts of this country, whether the statutory action is considered a new right or a continuation of the old, and there is very little to be added to the cogent reasoning which they have presented in support of the position. Littlewood v. Mayor, 89 N. Y., 24; Telephone Co. v. Cassin, 111 Ga. 575; Thompson v.(553) R. R., 97 Tex. 590[97 Tex. 590]; Price v. R. R., 33 S.C. 556; Hecht v. R. R., 132 Ind. 507; Mooney v. Chicago, 239 Ill. 414. And cases in Supreme Court of the United States and text-books of approved excellence recognize and approve the principle.Michigan Cent. Ry. v. Vreeland, 227 U.S. pp. 59-70; Tiffany on Death by Wrongful Act (2 Ed.), sec. 124; 3 Elliott on Rys. (2 Ed.), sec. 1376; 8 A. and E. Enc., p. 870; 13 Cyc., p. 325.
In the citation to Tiffany the author says: "If the deceased, in his lifetime, has done anything that would operate as a bar to a recovery by him in damages for the personal injury, this will operate equally as a bar in an action by his personal representative for his death. Thus, *Page 631 
a release by the injured party of his right of action or a recovery of damages by him for the injury is a complete defense in the statutory action."
In Vreeland's case, Associate Justice Lurton, delivering the opinion, said: "But as the foundation of the right of action is the original wrongful injury to the decedent, it has been generally held that the newaction is a right dependent upon the existence of a right in the decedent, immediately before his death, to have maintained an action for his wrongful injury.
A very satisfactory statement of the principle and the reasoning upon which it is properly made to rest will be found in the New York case of Littlewood v. Mayor, supra, where Rapallo, J., delivering the opinion, in part, said: "The counsel for the plaintiff is sustained by the authorities in the proposition upon which he mainly bases his argument in this case, viz., that the right of action given by the act of 1847 to the personal representatives of one whose death has been caused by the wrongful act, neglect, or default of another is a new right of action created by the statute, and is not a mere continuation in the representatives of the right of action which the deceased had in his lifetime. But it seems to me that this is not the point upon which the case turns, and that the true question is whether, in enacting the statute, the Legislature had in view a case like the present, where the deceased, in his lifetime, brought his action, recovered his damages for the injury which subsequently resulted in his death, and received satisfaction for such damages; and whether it was intended to superadd to the liability of a wrongdoer, who had paid the damages for an injury, a further liability, in case the party afterward died from such injury, for the damages occasioned by his death, to his next of kin; or whether the intention of the statute was to provide for the case of an injured party who had a good cause of action, but died from his injuries without having recovered his damages, and in such case to withdraw from the wrongdoer the immunity from civil liability afforded him by the common-law rule that personal actions die with the person, and to give the statutory action as a substitute for the action which the deceased (554) could have maintained had he lived.
"There can be no doubt that the Legislature had power to create the double liability contended for, nor would it necessarily involve any inconsistency. The damages of the party injured are different and distinguishable from those which his next of kin sustained by his death, and no double recovery of the same damages would result. But it is equally clear that the Legislature might give to the representative the statutory right of action, only as a substitute for the damages which *Page 632 
the deceased was prevented by his death from recovering, and the question now is, What was their intention in this respect?
"The language of the act plainly indicates, I think, that the framers had in view the common-law rule, `Actio personalis,' etc., and that their main purpose was to deprive the wrongdoer of the immunity from civil liability afforded by that rule. The gist of the first section is that the wrongdoer `shall be liable to an action for damages, notwithstanding the death of the person injured, and though the death shall have been caused under such circumstances as amount in law to a felony.' It does not provide that the wrongdoer shall be liable notwithstanding that he shall have satisfied the party injured, or notwithstanding that the latter has recovered judgment against him, or notwithstanding any other defense he might have had at the time of the death, but merely that the death of the party injured shall not free him from liability; showing that this is the point at which the statute is aimed.
"The condition upon which the statutory liability depends was declared to be `that the act, neglect, or default is such as would (if death had not ensued) have entitled the party injured to maintain an action and recover damages,' etc.
"This language is accurate if the act was intended to apply to the case of a party who, having a good cause of action for a personal injury, was prevented by the death which resulted from such injury from pursuing his legal remedies, or who omitted in his lifetime to do so. It precisely fits such a case, but it is singularly inappropriate to the case of one who has, in his lifetime, maintained the action and actually recovered his damages. The form of expression employed in the act shows that the Legislature had in mind the case of a party entitled to maintain an action, but whose right of action was by the rule of the common law extinguished by his death, and not the case of one who had maintained his action and recovered his damages. This still more strongly appears by reference to the words of the act, which describe the wrongdoer against whom a right of action is given. He is not described by any language which is applicable to a party against whom judgment has been obtained by the deceased for the injury, but as `the person who would have been liable if death had not ensued.' And (555) the enactment is that his person shall be liable, notwithstanding the death. It seems to me very evident that the only defense of which the wrongdoer was intended to be deprived was that afforded him by the death of the party injured, and that it is, to say the least, assumed throughout the act that at the time of such death the defendant was liable. In the present case the defendant does not answer the description of `the person who would have been liable if death had not ensued.' It would not have been liable if the injured party were living, *Page 633 
for the former judgment would be a complete bar. The statute may well be construed as meaning that the party who at the time of the bringing of the action `would have been liable if death had not ensued' shall be liable to an action notwithstanding the death, etc."
These views of the learned judge, arising chiefly from the language of the statute, derive strong support from the suggestion that, although the statute may be considered in some respects as creating a new right of action, it has its foundation in a single wrong, and it is not likely that the Legislature would intend to subject the wrongdoer to additional liability when he has made compensation to the injured party in his lifetime in full adjustment of the wrong done him. And further to hold that, notwithstanding such adjustment, the offender might, at some time in near or distant future, be subjected to an additional claim for damages on the death of the party injured would be to impose upon such a claim an undue and prejudicial restriction and would oftentimes prevent the injured party in his lifetime from realizing in his sore need a satisfactory and present compensation. A wrongdoer would be little inclined and hardly justified in offering adequate adjustment with such a possibility hanging over him.
We were referred by counsel to Causey v. R. R., 166 N.C. 5, as being in contravention of our present ruling, but we do not so interpret the decision. In that case the question presented was whether the statute of limitations commenced to run from the time of the injury or from the death of the injured party, and the Court, in adopting the latter period, held that the statute, in that respect, must be considered as conferring a new right of action, and the statute of limitations, in cases of this character, dealing only with the remedy, the statute would only commence to run from the time when, by the terms of the statute, the right of action arose, to wit, the death.
True, in support of this position, it was said that the words of this act conferring the right in cases "where, if the injured party had lived, he could maintain an action for damages," were only descriptive of the class of actions to which the statute referred, and did not operate to constitute it a survival of the old action. While this is certainly true on the facts there presented and in so far as the statute of limitations is concerned, it was by no means held, nor was it intended to hold, that this was all the significance that the language should receive (556) in the further interpretation of the statute; nor was it decided in that case, or intended to be, that the statutory action, having for its basis one and the same wrong, was to be regarded as so entirely separate and distinct that an additional recovery could be had, notwithstanding that all claim for damages therefor had been fully adjusted in the lifetime of the injured party. And in Bolick v. R. R., 138 N.C. 370, to which we *Page 634 
were also referred, the only question decided was that the statutory action did not accrue till the death of the injured party, and could not, therefore, be incorporated by amendment with an action which had been instituted by the deceased in his lifetime.
It will be noted, in Bolick's case, that no compensation for the wrong had been received by the deceased, and, therefore, a cause of action existed in him at the time of his death, thus bringing the case under the exact language of the statute, and while the statutory right could not be pursued in the original action, the present Chief Justice, delivering the opinion, said: "Where death occurs pending an action for personal injuries, the cause is merged in the action for the death, and the only remedy is that given by section 1498 of The Code, now Revisal, sec. 59"; thus recognizing that to come within the language of the statute there must have been a cause of action existent at the time of his death. See notes in A. and E. Anno. Cases to recent case of R. R. v. Goode, 42 Okla. at p. 1152, and same volume, Md. v. R. R., 121 Md. 457.
There is no error in the judgment, and the same must be
Affirmed.