DORES H. FONTHEIM, as Administratrix, etc., of ALPHONSE FONTHEIM, Deceased, Respondent, *v.* THIRD AVENUE RAILWAY COMPANY, a Domestic Corporation of the State of New York, Appellant.

First Department, May 19, 1939.

*Addison B. Scoville* of counsel [*John Stuart Riedel* with him on the brief; *Alfred T. Davison*, attorney], for the appellant.

*J. Preston Mottur* of counsel [*Vincent B. Lewin* with him on the brief; *Mottur & Mottur*, attorneys], for the respondent.

COHN, J. Plaintiff's intestate, Alphonse Fontheim, was rendered incompetent from injuries suffered in an accident on December 22, 1937. Suit for personal injuries was instituted in his behalf against this defendant through a guardian *ad litem* appointed for that purpose. During intestate's lifetime the action was reduced to judgment, which this defendant satisfied by payment in full.

Subsequently and on June 30, 1938, Fontheim died of his injuries. This action was then commenced by his next of kin to recover damages for his wrongful death. As a separate and complete defense and bar to the present action defendant set up the

judgment in the former action and payment thereof. Plaintiff thereupon moved to strike out the defense on the ground that it was insufficient in law. From the order granting the motion this appeal is taken.

The following question is thus presented for determination: Is a judgment recovered by an injured person during his lifetime for personal injuries resulting from an accident, and which judgment has been paid, a bar to an action by his next of kin under section 130 of the Decedent Estate Law for death alleged to have resulted from the same accident?

In 1847 a cause of action for wrongful death in favor of the next of kin was allowed by statute, and the law has remained substantially unchanged since. So far as pertinent it now reads as follows: " The executor or administrator duly appointed * * * of a decedent who has left him or her surviving a husband, wife, or next of kin, may maintain an action to recover damages for a wrongful act, neglect or default, by which the decedent's death was caused, against a natural person who, or a corporation which, would have been liable to an action in favor of the decedent by reason thereof if death had not ensued." (Laws of 1847, chap. 450, as amd.; Dec. Est. Law, § 130.)

In 1935, upon the recommendation of the Law Revision Commission to the Legislature, new statutes [Decedent Estate Law, sections 118, 119, 120 (Laws of 1935, chap. 795)], relating to the survival of causes of action for personal injury, were enacted to correct numerous injustices in the law as it had theretofore existed. (N. Y. Legis. Doc. [1935] No. 60-E, p. 3; Report of Law Revision Commission for 1935, p. 159 et seq.) These inequities were as follows: (1) The right of recovery in favor of the injured person or in favor of the next of kin in case of wrongful death was lost if the wrongdoer died before a judgment had been recovered. (2) There could be no recovery if the injured person died before judgment from causes other than the injury. (3) There could be no redress after death for the pain and suffering endured by decedent and for his loss of earnings from the time of the injury to the date of his death. Under the new section 118 of the Decedent Estate Law an action for personal injury no longer abates on the death of the wrongdoer, and under section 119 a personal injury action is no longer lost because of the death of the injured person, but such action " may be brought or continued by the executor or administrator of the deceased person." By the provisions of section 120 the damages recoverable where an injury causes the death of a person are limited to those accruing before death and form part of the estate of the deceased; the right of action existing

in favor of the next of kin for the wrongful death under section 130 continues unaffected; the surviving personal injury action and the death action may be prosecuted separately or they may be united in the one action.

It is the contention of respondent that since these amendments of the 1935 statute, a judgment rendered in a personal injury action before death no longer bars a subsequent death action because the former abated personal injury action is now an added right of action to the one permitted for wrongful death.

We do not think that sections 119 and 120 of the Decedent Estate Law, as recently added, have this effect. Notwithstanding these new sections, the condition precedent to the wrongful death action still remains, namely, — the injured person must have had a right of action to recover for personal injuries at the time of his death. It is important to note that the language of section 130 of the Decedent Estate Law was left unchanged and that it contains substantially the same language as the wrongful death statute when originally adopted. It still provides that an action to recover damages for a wrongful act, neglect or default resulting in death may be maintained only " against a natural person who, or a corporation which, would have been liable to an action in favor of the decedent by reason thereof if death had not ensued."

In construing this section in the original death statute (Laws of 1847, chap. 450) the Court of Appeals held, in *Littlewood* v. *Mayor, etc., of New York* (89 N. Y. 24), that where a decedent in his lifetime had recovered a judgment for personal injury, which was afterwards paid, no action could be maintained against the tort feasor by the decedent's representative for death resulting from the original wrong. The principle enunciated in *Littlewood* v. *Mayor, etc., of New York* (*supra*) has been uniformly followed in this State. It has become firmly established that no action may be maintained under the wrongful death statute unless the decedent at the time of his death could have maintained an action.

The law, as it existed before the enactment of the new survival sections of the Decedent Estate Law, is epitomized by the Court of Appeals in the case of *Kelliher* v. *N. Y. C. & H. R. R. R. Co.* (212 N. Y. 207). In considering the wrongful death statute (section 1902 of the Code of Civil Procedure, now section 130 of the Decedent Estate Law, without change), the court in that case said (at pp. 211, 212):

" *We think the framers of the section considered that no action should be maintainable under it unless the decedent, at the time of his death, could have maintained an action.* The section has been held to bar an action in favor of the representative where his dece-

dent in his lifetime recovered a judgment for personal injuries, which was afterwards paid (*Littlewood* v. *Mayor, etc., of N. Y., supra*); or where there has been a settlement between the injured person and the party charged with negligence (*Dibble* v. *N. Y. & Erie R. R. Co.*, 25 Barb. 183); or where the defendant is released from liability by the agreement of the intestate (*Hodge* v. *Rutland R. R. Co.*, 112 App. Div. 142; affd., 194 N. Y. 570); or where the intestate was guilty of such contributory negligence as would have barred an action by him. (Shearman & Redfield's Law of Negligence [6th ed.], § 140a, and cases cited.)

" In the case at bar the decedent allowed the three years to expire within which he was permitted to commence an action. His subsequent death could not revive the cause of action based upon his injuries in favor of his representative. *By the express language of the statute the wrongdoer is liable to the representative only in a case where he would have been liable to the decedent had death not ensued.*" (Italics ours.)

To determine whether the Legislature intended any change in the effect of section 130 of the Decedent Estate Law in enacting the new sections (sections 118, 119 and 120 of the Decedent Estate Law), recourse properly may be had to the proceedings of the Legislature which induced their adoption. " As Blackstone tersely expressed it, in the interpretation of statutes due regard must be had to the old law, the mischief and the remedy. The mischief may be indicated or made apparent by the debates attending the adoption of the remedy, as well as by contemporaneous events and the relevant situation as it existed." (*Woollcott* v. *Shubert*, 217 N. Y. 212, at p. 221. See, also, *Cohen* v. *Neustadter*, 247 id. 207, 210; *Matter of Sadowski*, 246 App. Div. 490, 492; *Consolidated Laundries Corporation* v. *Roth*, 241 id. 48, 50.)

The Law Revision Commission, created by the Legislature (Legislative Law, art. 4-A, added by Laws of 1934, chap. 597), was charged with the duty of examining the common law and statutes of the State and current judicial decisions for the purpose of discovering defects and anachronisms in the law and recommending needed reforms. This Commission was directed " to report its proceedings annually to the Legislature   *   *   *   and, if it deems advisable, to accompany its report with proposed bills to carry out any of its recommendations." In keeping with this mandate, in 1935 it recommended for passage bills embodying the new sections 118, 119 and 120 of the Decedent Estate Law. These were enacted without any modification. (Laws of 1935, chap. 795.) The report of the Commission and its recommendations to the Legislature which accompanied the bills become persuasive as a guide to the

changes contemplated. An examination of that report makes it entirely clear that it was not designed to change in any respect the limitation contained in section 130 of the Decedent Estate Law, nor was it intended to modify the construction placed upon such limitation by the courts, to wit, that a condition precedent to a right of action under section 130 is the existence in the injured person at the time of his death of a right of action to recover for the personal injury. (N. Y. Legis. Doc. [1935], No. 60-E, pp. 8, 9, 54–57; Report of Law Revision Commission for 1935, pp. 164, 165, 210–213.)

Thus (at p. 55) the Commission said: " When a party commences an action for personal injuries, he seeks a recovery of damages commensurate with his estimate of the extent of such injuries. If it appear to the court and/or jury that the injured person will be permanently disabled, the verdict will afford complete compensation for all phases of the injury. In this situation, it is obvious that a recovery under the wrongful death statute, assuming the injury causes premature death, would result in a duplication of damages. *Here, one right of action affords complete relief*." (Italics ours.)

' And (at p. 56) we find the following language: " The basis upon which the overwhelming majority of the courts refuse to allow the action by the personal representative after a judgment or release by the deceased may be generally designated as a public policy argument. It has been suggested that to hold a recovery of a judgment or release not a bar would subject the defendant to a double liability which would in effect make the wrongful death statute penal and therefore contrary to sound public policy. Some courts also argue that such a holding would make it difficult to procure settlements of wrongful injuries because wrongdoers would be reluctant to settle if they knew that they might later be subject to another action if the injured person died as a result of the injuries. *As the policy of the law is to favor compromise and settlement of claims, a contrary holding would defeat this policy*." (Italics ours.)

And (at p. 57) this observation is made: " In *Kelliher* v. *N. Y. C. & H. R. R. R. Co.*, the Court of Appeals held that where the decedent's right is barred by the Statute of Limitations, the right of the personal representative under the wrongful death statute is also barred because the deceased if alive could not have an action. *While arguments may be presented in support of the contrary view, it is submitted that practical considerations justify the retention of the present law*." (Italics ours.)

Obviously, if it had been the intention of the Legislature to allow a recovery in a death ·action though the decedent could

no longer bring an action for his injuries because such action had been settled by judgment or compromise, our law-makers would have employed words clearly indicative of such purpose. The Legislature would not have permitted to remain unaltered the language of section 130, which consistently has been held to condition the right to prosecute an action for wrongful death upon the existence in the decedent at the time of his death of a right of action to recover for the injury occasioned by the wrong.

Recent decisions of the Court of Appeals indicate that a judgment for personal injuries recovered by a decedent during his lifetime is still a complete defense and bar to an action for his wrongful death. Thus in *Kwiatkowski* v. *Lowry, Inc.* (276 N. Y. 126, at p. 129 [Nov. 1937]), the court said: " If the deceased in his lifetime had a cause of action for negligence and could have recovered thereon, the executor or administrator of the estate may maintain an action for the negligence causing his death. The executor or administrator, however, while given this right to maintain the action, can only recover in case the deceased could have recovered, had not death ensued."

In *Johnson* v. *Stromberg-Carlson Telephone Mfg. Co.* (276 N. Y. 621 [Jan. 1938]), the court, upon the authority of the *Kelliher* case (*supra*), affirmed a determination of the Appellate Division of the Fourth Department (250 App. Div. 352), which held that, where the Statute of Limitations has barred a claim for personal injuries during the lifetime of decedent, no action by reason of his subsequent death from the original wrong could be maintained. These two cases, decided since the effective date of the amendments, are, of course, not decisive, as they involved actions which arose out of accidents occurring prior thereto, yet not the slightest indication was given that the amendments have the effect claimed for them by respondent.

Notwithstanding the apparent separate nature of the two causes of action which now exist under the statute, the weight of authority generally is that in such a situation a release or a recovery by the injured party in his lifetime will bar a suit by the next of kin or by the decedent's representatives for the death. (*Brodie* v. *Washington Water Power Co.*, 92 Wash. 574; 159 P. 791; *Harris* v. *Illinois Cent. R. R. Co.*, 111 Miss. 623; 71 So. 878; *Edwards* v. *Interstate Chemical Co.*, 170 N. C. 551; 87 S. E. 635; *Hill* v. *Penna. R. R. Co.*, 178 Penn. St. 223; 35 A. 997; *State* v. *United Railways & Electric Co.*, 121 Md. 457; 88 A. 229; *Crockett* v. *Missouri Pacific R. R. Co.*, 179 Ark. 527; 16 P. [2d] 989.) The foundation of every action of this kind is in the injury which caused the death, and not merely in the fact of death itself, and if an injured person recovers a

judgment for that injury during his lifetime or compromises his claim and accepts satisfaction for his injury, his representatives cannot maintain any action upon his subsequent death resulting therefrom. Leading text writers with substantial unanimity have stated this to be the prevailing view. (1 Shearman & Redfield on the Law of Negligence [6th ed.], § 140; 2 Cooley on Torts [4th ed.], § 211, p. 111; 6 Thompson on Negligence, § 7028; Tiffany Death by Wrongful Act [2d ed.], § 124; 5 Sutherland on Damages [4th ed.], p. 4854.) In the case of *Strode* v. *St. Louis Transit Co.* (197 Mo. 616; 95 S. W. 851), at page 632, the court tersely states the law as follows: " Whether the right of action is a transmitted right or an original right; whether it be created by a survival statute or by a statute creating an independent right, the general consensus of opinion seems to be that the gist and foundation of the right in all cases is the wrongful act, and that for such wrongful act but one recovery should be had, and that if the deceased had received satisfaction in his lifetime, either by settlement and adjustment or by adjudication in the courts, no further right of action existed."

We believe it well settled that in this State a judgment recovered by an injured person during his lifetime for personal injuries resulting from accident constitutes a bar and a complete defense to an action brought under section 130 of the Decedent Estate Law, and for reasons heretofore stated, we think that this doctrine is in no way affected by the adoption of the survival statutes which swept away the rule that an action for personal injury abated upon the death of the injured party or of the wrongdoer.

The order of the Special Term should, accordingly, be reversed, with twenty dollars costs and disbursements, and the motion to strike out the second separate and complete defense should be denied.

MARTIN, P. J., GLENNON, UNTERMYER and CALLAHAN, JJ., concur.

Order unanimously reversed, with twenty dollars costs and disbursements, and the motion to strike out the second separate and complete defense denied.